FTB:EWS/SMS
F. #2025R00435

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

EMMANUEL CLASE DE LA CRUZ and
LUIS LEANDRO ORTIZ RIBERA,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

STIPULATION AND ORDER

Cr. No. 25-346 (KAM)

WHEREAS, the discovery materials to be provided by the government in the above-captioned case (hereinafter, the "Discovery Materials") contain personal financial information, personally identifiable information, and sensitive information concerning individuals and entities other than the defendants (collectively, hereinafter "Sensitive Information"), including information relating to the bank account numbers, addresses, social security numbers, dates of birth, and gambling history of those other individuals and entities,

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned that:

1. The Discovery Materials can be used by the defendants and their defense counsel in this matter only for purposes of trial preparation, defense at trial against the charges set forth in the above-captioned indictment, and any related appellate matters arising from the above-referenced trial.

2. The defendants may possess a copy of the Discovery Materials except for those documents that are designated to contain Sensitive Information. For Discovery Materials

that are designated to contain Sensitive Information, the defendants may not possess a copy unless the Sensitive Information has been redacted from those documents. However, the defendants may review unredacted Discovery Materials in the presence of their attorneys.

3. Absent further order of the Court, the defendants and their defense counsel may not disclose or disseminate the Discovery Materials designated to contain Sensitive Information (even if the Sensitive Information has been redacted) or any information contained in those documents to anyone who has not signed this Stipulation and Order, other than members of defense counsel's legal staff and any potential expert witnesses; vendors, or investigators retained by defense counsel that have been advised of, and agreed to be bound by, the terms of this Stipulation and Order. If the defendants, their defense counsel, or anyone else who has received Discovery Materials containing Sensitive Information from the defendants or their counsel pursuant to the terms of this Stipulation and Order seek to make further disclosure or dissemination of the Discovery Materials with Sensitive Information (even if the Sensitive Information has been redacted), notice must first be provided to the government and the Court, and such notice must be given sufficiently in advance of the contemplated disclosure or dissemination so as to permit briefing and argument on the propriety thereof.

4. Notwithstanding paragraph 3 above, individuals determined by the defense to be potential defense witnesses may review unredacted Discovery Materials designated to contain Sensitive Information in the presence (whether virtual or in person) of defense counsel or members of defense counsel's legal staff. These potential defense witnesses must be advised of and agree to be bound by the terms of this Stipulation and Order, but need not sign this Stipulation and Order. Defense counsel must maintain a list of all potential defense witnesses

who have reviewed unredacted Discovery Materials and agreed to be bound by the terms of this Stipulation and Order.

5. The designation of Discovery Materials with Sensitive Information is subject to challenge by the defendant and his defense counsel. The following procedure shall apply to any such challenge:

(a) The defendants or their defense counsel challenging the designation of Discovery Materials with Sensitive Information must begin the process by conferring directly with the government.

(b) In conferring, the defendants or their defense counsel must explain the basis for its belief that the confidentiality designation was not proper and must give the government an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, the government must explain the basis for the designation.

6. If a defendant or his defense counsel elects to challenge a confidentiality designation, it may file and serve a motion that identifies the challenged material and sets forth the basis for each specific challenge. The burden of persuasion of justifying that there is good cause for the confidentiality designation will remain on the government. Until the Court rules on the challenge, the defendant and his defense counsel shall continue to treat the materials as they were designated under the terms of this Stipulation and Order. The defendant and his defense counsel will not be obligated to challenge the propriety of Discovery Materials with Sensitive Information designation at the time made, and failure to do so will not preclude later challenges.

7. Absent further order of the Court, the defendants and their defense counsel may not use Sensitive Information, whether directly or indirectly, for any purpose other than trial preparation.

8. In the event that the defendants seek to file Discovery Materials with the Court or otherwise use Discovery Material during a court proceeding, the defendants and their

counsel will comply with Rule 49.1(a) of the Federal Rules of Criminal Procedure, will ensure that court transcripts are appropriately redacted to protect Sensitive Information, and will seek permission from the Court to offer the redacted versions of Discovery Material into evidence unless it is necessary to offer the unredacted version.

9. The defendants and their defense counsel will return to the government all copies of the Discovery Materials provided by the government through discovery in this case at the conclusion of this matter, specifically either within seven days of (a) a verdict of acquittal rendered by a jury, (b) the date of sentencing if no appeal is filed or (c) the issuance of an appellate decision rendering a final judgment.

10. Any violation of this Stipulation and Order (a) will require the immediate return to the government of the Discovery Materials, and (b) may result in contempt of Court.

Dated: Brooklyn, New York
November 28, 2025

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

By: ______________________
Eric Silverberg
Sean M. Sherman
Assistant U.S. Attorneys

Agreed to by:

EMMANUEL CLASE DE LA CRUZ
Defendant

Michael Ferrara, Esq.
Michael Bronson, Esq.
Lindsay Gerdes, Esq.
Attorneys for Defendant Clase
J. Riley Able, Esq

LUIS LEANDRO ORTIZ RIBERA
Defendant

Chris Georgalis, Esq.
Paul Flannery, Esq.
Elizabeth Geddes, Esq.
Attorneys for Defendant Ortiz

SO ORDERED:

THE HONORABLE KIYO A. MATSUMOTO
UNTIED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

Agreed to by:

______________________________
EMMANUEL CLASE DE LA CRUZ
Defendant

______________________________
Michael Ferrara, Esq.
Michael Bronson, Esq.
Lindsay Gerdes, Esq.
Attorneys for Defendant Clase

______________________________
LUIS LEANDRO ORTIZ RIBERA
Defendant

______________________________
Chris Georgalis, Esq.
Paul Flannery, Esq.
Elizabeth Geddes, Esq.
Attorneys for Defendant Ortiz

SO ORDERED:

____________________________________
THE HONORABLE KIYO A. MATSUMOTO
UNTIED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK