IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EMMANUEL CLASE DE LA CRUZ,<br><br>Defendant. | Case No. 25-CR-346 (KAM) |

**DEFENDANT EMMANUEL CLASE DE LA CRUZ'S RESPONSE TO CO-DEFENDANT'S MOTIONS FOR SEVERANCE AND TO CONTINUE TRIAL**

Defendant Emmanuel Clase De La Cruz hereby submits this consolidated response to co-defendant Luis Leandro Ortiz Ribera's motions to sever and to continue the trial (respectively, ECF Nos. 76 and 79). Mr. Clase has no objection to Mr. Ortiz's motion to sever. Mr. Clase objects to the continuation of his trial, which is currently set for May 4, 2026.

**I.   Response Regarding Motion to Sever**

Mr. Clase has no objection to Mr. Ortiz's motion to sever and consents to a trial held separate from Mr. Ortiz. Mr. Clase will address any questions or provide additional information regarding severance upon request from the Court.

**II.  Response Regarding Motion to Continue**

As the Court is aware, Mr. Clase is an All-Star-level Major League Baseball player who will remain unable to pursue his profession until this matter is resolved. For this reason, Mr. Clase requested trial at the earliest available date at which he

1

can be prepared to contest the government's allegations and effectively advance his defenses. The current trial date of May 4, 2026 strikes the appropriate balance between Mr. Clase's personal and professional need to clear his name from the government's false allegations while allowing sufficient time to prepare. Accordingly, he objects to any continuance that would preclude him from proceeding to trial on May 4.

Mr. Clase's position is expressly conditioned on the government's compliance with the Court's orders and its separate representations to counsel for Mr. Clase that the government intends to produce all reports and notes of witness interviews for witnesses who have provided inconsistent statements in this matter. *See, e.g.*, ECF No. 75 at 5 (ordering "the government to produce those inconsistent statements and the reports and notes documenting those statements by the March 27, 2026 deadline for providing *Giglio* materials"). As Mr. Clase has informed the Court, this information is needed as soon as possible to allow the defense to translate discovery materials to effectively communicate with Mr. Clase, who only speaks Spanish, and to guide Mr. Clase's review and analysis of the hundreds of thousands of Spanish-language communications produced by the government in discovery to identify and make effective use of exculpatory information at trial. Should the government fail to meet its discovery obligations, Mr. Clase expressly reserves the right to revisit the trial schedule. *See* 18 U.S.C. § 3161(h)(7)(B)(iv) (establishing that a court may grant a continuance when a failure to do so "would deny counsel for the defendant . . . the

reasonable time necessary for effective preparation, taking into account the exercise of due diligence").

Mr. Clase's objection to continuing his trial past May 4, 2026 is not impacted by the superseding indictment filed by the government on February 13, 2026. While Mr. Clase expressly reserves the right to fully brief these issues, if necessary, he notes that a joint trial with co-defendant Robinson Vasquez Germosen is not possible pursuant to *United States v. Bruton*, 391 U.S. 123 (1968), given the allegation in the superseding indictment that Mr. Vasquez informed the FBI he was "aware of one instance of [Mr. Clase] telling someone what pitch he was going to throw ahead of time." ECF No. 80 ¶ 69. Similarly, while the government has not revealed the identity of the fourth co-defendant ("Co-Defendant 4"), Mr. Clase is able to specifically identify Co-Defendant 4 from the superseding indictment, which alleges that Co-Defendant 4 lived with Mr. Clase during the 2023 baseball season. Mr. Clase thereby understands Co-Defendant 4 to be a foreign national, residing in his/her home country, who has not been arrested. Given the extraordinary uncertainty associated with extraditions from a foreign country, which can take years and are often unsuccessful, the interests of justice weigh heavily against any delay in Mr. Clase's right to a speedy trial associated with the government's efforts to seek the issuance of a provisional arrest warrant, foreign arrest, and extradition of Co-Defendant 4.

Mr. Clase effectively cannot be tried with Mr. Ortiz for the reasons stated in Mr. Ortiz's motion, or Mr. Vasquez due to the *Bruton* issue. Moreover, Mr. Clase seeks

a speedy trial. Therefore Mr. Clase respectfully requests that the Court maintain the May 4 trial date for Mr. Clase to be tried alone.

### III. Conclusion

For the foregoing reasons, Mr. Clase has no objection to Mr. Ortiz's motion to sever and respectfully requests that the Court not disturb Mr. Clase's right to a speedy trial to occur on May 4, 2026.

    Respectfully submitted,

/s/ *Michael Ferrara*
Michael Ferrara (*pro hac vice*)
Lindsay Gerdes (NY Bar No. 4581690)
Michael Bronson (*pro hac vice*)
Riley Able (*pro hac vice*)
Dinsmore & Shohl LLP
191 W. Nationwide Blvd., Suite 200
Columbus, OH 4325
(614) 628-6975
michael.ferarra@dinsmore.com

***Counsel for Emmanuel Clase***

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2026, the foregoing document was filed in this matter using the Court's electronic filing system. Notice of this filing will be sent to all represented parties via the Court's electronic filing system.

                                        Respectfully submitted,

                                        /s/ *Michael Ferrara*
                                        Michael Ferrara (*pro hac vice*)
                                        Dinsmore & Shohl LLP
                                        191 W. Nationwide Blvd., Suite 200
                                        Columbus, OH 4325
                                        (614) 628-6975
                                        michael.ferarra@dinsmore.com

                                        ***Counsel for Emmanuel Clase***