

February 24, 2026

<u>By ECF</u>

The Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Emmanuel Clase de la Cruz et al.
                Criminal Case No. 25-346 (KAM) (S-1)        </u>

Dear Judge Matsumoto:

      The government respectfully submits this letter to respond briefly to defendant Luis Leandro Ortiz Ribera's accusation in his reply brief that the government "recklessly" misled the Court by failing to address <u>United States v. Strother</u>, 49 F.3d 869 (2d Cir. 1995). <u>See</u> Def.'s Reply, ECF No. 92-1, at 2–3. <u>Strother</u> held that where a witness's trial testimony is inconsistent with a prior statement, extrinsic evidence may be admissible for impeachment. <u>Id.</u> at 876. The defendant misapprehends <u>Strother</u>'s applicability to this case and ignores the government's citation to the on-point Second Circuit authority that post-dated and cited <u>Strother</u>, <u>United States v. Arena</u>, 180 F.3d 380, 400 (2d Cir. 1999), <u>abrogated on other grounds by</u> <u>Scheidler v. Nat'l Org. for Women, Inc.</u>, 537 U.S. 393 (2003).

      In short, in opposition to the motion to sever, the government explained that unless Bettor-1's trial testimony is inconsistent with his prior statements (and there is no current basis to believe it will be, absent further disclosure from defense counsel), extrinsic evidence from Clase's attorneys should not be admissible. <u>See</u> Gov't Opp., ECF No. 87, at 12–13. In so doing, the government cited this Court's decision in <u>United States v. Forney</u>, No. 24-CR-146 (KAM), 2025 WL 3677273, at *12 (E.D.N.Y. Dec. 18, 2025), and noted that <u>Forney</u> had, in turn, quoted the Second Circuit's decision in <u>Arena</u>, 180 F.3d at 400. <u>See</u> Gov't Opp. at 12 ("The exception under Federal Rules of Evidence 613(b) allows 'extrinsic evidence of a witness's prior statement' to be 'offered to impeach that witness's credibility only if, <u>inter alia</u>, the statement is inconsistent with [the witness's] trial testimony." <u>Forney</u>, 2025 WL 3677273, at *12 (quoting <u>Arena</u>, 180 F.3d at 400)). In <u>Arena</u>, the Second Circuit held that where, as here, a witness testified and admitted to a prior lie, the district court properly excluded extrinsic evidence of the lie in the form of witness testimony, noting that such extrinsic testimony would have been "consistent with and duplicative of that portion of" the witness's testimony. 180 F.3d at 400. Indeed, the <u>Arena</u> court cited <u>Strother</u> for the proposition that if there was a prior statement that was *inconsistent* with the witness's

testimony, extrinsic evidence may have been admissible. Id. In other words, Arena applied the principle articulated in Strother to the precise scenario at issue here: where a trial witness testifies to making a prior untrue statement, there is no "inconsistency" with the prior statement that warrants additional witness testimony for purposes of impeachment. See also United States v. Pimental, No. 99-CR-1104 (SJ), 2002 WL 1208679, at *6 (E.D.N.Y. May 30, 2002) (same, applying Arena). The government respectfully submits that following Arena is appropriate, and certainly not the "reversible error" professed by Ortiz.

Nor, as Ortiz alleges, has the government "flip-flopped" on its representations to the Court regarding the Clase Attorneys' potential conflict. Def.'s Reply at 2. The Curcio hearing took place before Ortiz informed the parties and the Court that he intended to call the Clase Attorneys as witnesses. The government has, thus far, sought to accommodate Clase's choice of counsel by identifying procedures to avoid the conflict intrinsic to the advocate-witness prohibition—a conflict created by Clase and his counsel. The government has consistently acknowledged the possibility that the potential conflict will ripen into one that is unavoidable, requiring disqualification, and—as set forth in the government's opposition brief—the government is presently assessing whether disqualification is required in light of Ortiz's stated intentions and the addition of Vasquez as a defendant. For the reasons described in the government's opposition brief, Gov't Opp. at 13-14, the government respectfully submits that should the Court determine that the Clase Attorneys ought to be permitted to testify to impeach Bettor-1, the appropriate remedy is disqualification, not severance.

    Respectfully submitted,

    JOSEPH NOCELLA, JR.
    United States Attorney

By:    /s/
    Eric Silverberg
    Sean M. Sherman
    Sarah M. Evans
    Assistant U.S. Attorneys
    (718) 254-7000

cc:    Clerk of the Court (KAM) (by ECF)
      Defense Counsel (by E-Mail and ECF)