

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RCH:EWS/SMS/SME  *271 Cadman Plaza East*
F. #2025R00435  *Brooklyn, New York 11201*

March 2, 2026

By ECF

The Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: United States v. Emmanuel Clase de la Cruz, et al.
           Criminal Case No. 25-346 (S-1) (KAM)

Dear Judge Matsumoto:

      The government respectfully submits this letter to respond briefly to defendant Emmanuel Clase de la Cruz's ("Clase") motion to sever his trial from co-defendants Luis Leandro Ortiz Ribera ("Ortiz") and Robinson Vasquez Germosen ("Vasquez"). See ECF No. 98 ("Def.'s Br.").[1] As instructed by the Court,[2] to address counsel's concerns while also avoiding burdensome litigation, the government proposed to Clase, and reiterates here, a solution that would cure any conceivable prejudice to Clase arising from Vasquez's proffered statements to the government, namely bifurcation of the trial with respect to Count Five. To the extent the Court is not satisfied that the government's proposal resolves the issue, the government respectfully requests that the Court set a briefing schedule so that the government can more fully address counsel's arguments.

      **Severance from Vasquez.** Clase argues that the case against Vasquez must be severed because of the potential <u>Bruton</u> implications arising from Vasquez's false statement to the FBI special agents that form the basis of Count Five of the superseding indictment. See Def.'s Br. at 13–20. The government disagrees that Vasquez's lie implicates <u>Bruton</u>.[3] But in an effort to

---

[1] The relevant factual background was detailed in the government's opposition to Ortiz's motion to sever his case from Clase, ECF No. 87 ("Gov't Br.") at 1–8, and the government incorporates that background by reference here. See Gov't Br. at 1–8.

[2] <u>See, e.g.</u>, Jan. 15, 2026 Tr. at 25:4-26:10.

[3] As an initial matter, the government would introduce Vasquez's statement to prove its falsity, not its truth. It therefore is not hearsay implicating <u>Bruton</u>. See, e.g., <u>Crawford v. Washington</u>, 541 U.S. 36, 59 n.9 (2004) ("[T]he Confrontation Clause 'does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.'") (citing <u>Tennessee v. Street</u>, 471 U.S. 409, 414 (1985) (holding that non-hearsay admissions do not raise "Confrontation Clause concerns")). Furthermore, because Vasquez made the false statement

address counsel's concerns and avoid unnecessary litigation, the government proposed to Clase's attorneys that it would agree both to (1) sever Count Five through a bifurcated trial, at which a jury would first deliberate on Counts One through Four (the only counts in which Clase is charged) without hearing testimony or other evidence of Vasquez's false statement to FBI special agents (or, for that matter, of any other statements Vasquez made during the proffer implicating <u>Bruton</u>); and (2) only present such testimony or evidence of such statements after the jury first reached a verdict on Counts One through Four. Although this proposal cures any conceivable prejudice to Clase from Vasquez's statements—in fact, it affords Clase precisely the evidentiary remedy he seeks—counsel for Clase rejected this compromise proposal and instead filed the instant motion to sever. Clase's counsel has not provided the government with any principled basis for their opposition to this solution. Although Clase's motion states that Vasquez opposes bifurcation, Def.'s Br. at 8, Vasquez's attorney has since notified the government by email that he does not take a position on either the government's proposal for bifurcation or Clase's motion for severance.

Bifurcation of the trial appropriately balances the efficient allocation of judicial resources and any concerns Clase has regarding potential prejudice from Vasquez's statements. Bifurcation is regularly employed in this district to mitigate any potential prejudice from evidence related to one count impacting consideration of other counts.[4] Bifurcation preserves judicial efficiency by avoiding multiple separate trials with substantially overlapping evidence. And bifurcation would cure any potential prejudice to Clase. To be clear, it is the government that would be prejudiced by its bifurcation proposal, in that it would forego admissible evidence against, at a minimum, Vasquez on Count One, giving Clase the evidentiary outcome he professes to want. <u>See</u> Def.'s Br. at 20 n.6 (stating that he has "no objection to the Court's suppression of Mr. Vasquez's statements"). If the Court has concerns that bifurcation does not fully resolve the issue, the government respectfully requests leave to provide additional briefing explaining the reasons why Vasquez's charged lie does not implicate <u>Bruton</u> or otherwise require severance.

**Severance from Ortiz**. In his 21-page filing, Clase devotes only one page to explaining why severance from Ortiz is appropriate. <u>See</u> Def.'s Br. at 9. As described in the government's opposition to Ortiz's motion, this case does not present mutually antagonistic

---

in furtherance of a conspiracy to mislead investigators, it may be admitted against Clase without violating the Confrontation Clause. <u>See, e.g.</u>, <u>United States v. Stewart</u>, 433 F.3d 273 (2d Cir. 2006).

[4] For example, judges in the Eastern District of New York bifurcate trials where a defendant is charged in multiple counts, one of those counts alleges that the defendant was a felon in possession of a firearm, and the court wishes to mitigate any potential prejudice to other counts that might arise from the jury learning that the defendant was a felon. <u>See, e.g.</u>, <u>United States v. Lake</u>, 229 F. Supp. 2d 163, 172 (E.D.N.Y. 2002) (granting a motion to bifurcate a felon-in-possession charge in order to prevent "possible prejudicial spillover" on the other counts); <u>United States v. Robert Smith</u>, 15 CR 448 (BMC) (E.D.N.Y.); <u>United States v. Shameke Walker</u>, 15 CR 388 (JBW) (E.D.N.Y.).

2

defenses, and the trial schedule is not a basis for severance.  See Gov't Br. at 15–19, 22–23.  The government incorporates its opposition to Ortiz's motion in response to these points.

Respectfully submitted,

JOSEPH NOCELLA, JR.<br>
United States Attorney

By:     /s/<br>
    Eric Silverberg<br>
    Sean M. Sherman<br>
    Sarah M. Evans<br>
    Assistant U.S. Attorneys<br>
    (718) 254-7000

cc:    Clerk of the Court (KAM) (by ECF)<br>
       Defense Counsel (by E-Mail and ECF)