**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RCH:EWS/SMS/RMU
F. #2025R00435

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 21, 2026

By ECF & E-mail

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Emmanuel Clase de la Cruz, et al.
Criminal Docket No. 25-346 (S-1) (KAM)

Dear Judge Matsumoto:

The government respectfully submits this letter to request that the Court conduct an in-camera review of Pretrial Service Reports ("PSRs") for one or more witnesses (the "Witnesses") who will testify at trial.

The Second Circuit has repeatedly concluded that PSRs and Presentence Investigation Reports ("Presentence Reports") do not constitute material discoverable pursuant to 18 U.S.C. § 3500 and has adopted a procedure for their in-camera review in order to ensure that impeachment and exculpatory materials are appropriately disclosed to defendants.

The proposition that Presentence Reports should be reviewed by the Court for impeachment and exculpatory material was first endorsed by the Second Circuit in United States v. Charmer Industries, Inc., 711 F.2d 1164 (2d Cir. 1983). There, the court cautioned that Presentence Reports should not be released absent a "compelling need for disclosure to meet the ends of justice." Id. at 1176; see also United States v. Molina, 356 F.3d 269, 274 (2d Cir. 2004) ("With respect to third party disclosures, we have approved a procedure by which the sentencing court examines requested presentence reports in camera for exculpatory or impeachment material that might aid the defendant requesting it. The court then determines if the policy of confidentiality is outweighed by a compelling need for disclosure to meet the ends of justice.").

Likewise, in United States v. Cyphers, 553 F.2d 1064, 1069 (7th Cir. 1977), the Seventh Circuit held that prior to disclosure of a Presentence Report, a court must determine that the report is "absolutely essential to effective presentation of a defense and therefore required in the interests of justice." While exculpatory or impeachment information would meet this test, the existence of this information in a Presentence Report does not require the Presentence Report's disclosure if "the defendant already possess[es] the information." Moore, 949 F.2d at 72.

Accordingly, in Moore, the Second Circuit held that the district court properly found that the Presentence Report requested contained "no exculpatory material at all or impeachment material for which [the defendant] could reasonably be said to have had a 'compelling need.'" Id.; see also United States v. Jackson, 978 F.2d 903, 909 (5th Cir. 1993) ("[T]he district court examined the presentence reports at issue and found that: 1) the defendants already had access to all of the information the reports contained, and 2) the reports did not contain any evidence that was favorable to the defendants. The district court, thus, fulfilled its duty and afforded the defendants all the rights to which they were entitled.").

In United States v. Pena, the Second Circuit held that the Charmers procedure for Presentence Reports also applies to district court review of PSRs. 227 F.3d 23, 27 (2d Cir. 2000). "We believe that the balance struck in Moore between the preservation of the confidentiality of presentence reports and the government's obligation to turn over exculpatory and impeachment information in its possession is also the appropriate balance where the documents at issue are pretrial services reports or other pretrial services materials." Id. Accordingly, "district judges should review those materials in camera and determine whether they contain [exculpatory and impeachment] information. If so, and if there is a compelling need for its disclosure, the district court should, to the extent possible, turn over only that portion of the document containing such information." Id. at 28. The court reasoned:

> Pretrial services reports contain information pertaining to the pretrial release of each individual charged with an offense, including information relating to any danger that the release of such person may pose to any other person or the community and, where appropriate, include a recommendation as to whether such individual should be released or detained and, if release is recommended[,] the appropriate conditions of release. Pretrial services materials are treated as confidential pursuant to 18 U.S.C. § 3153, which states in relevant part that information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential. This confidential treatment is intended to "protect[ ] the relationship between the pretrial services officer and the particular defendant" and ensure that courts do not "receive only incomplete information," because defendants "may be reluctant to cooperate with pretrial services officers unless assured of the confidentiality of the information they reveal to the officers."

227 F.3d at 26 (alterations and internal citations omitted).

Here, in accordance with Pena and its progeny, the government respectfully requests that the Court review the Witnesses' PSRs in camera and authorize the government to disclose the PSRs to the defendants only to the extent they contain impeachment and/or exculpatory information that has not previously been disclosed and/or is not otherwise available

to the defense. Under separate cover, the PSRs have been provided to the Court ex parte and under seal.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/

Eric Silverberg
Sean M. Sherman
Rebecca M. Urquiola
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (KAM) (by ECF and Hand Delivery)
Counsel of Record (by ECF and E-Mail)