**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RCH:EWS/SMS/RMU
F. #2025R00435

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 24, 2026

By ECF & E-mail

Michael Ferrara, Esq.
Michael Bronson, Esq.
Lindsay Gerdes, Esq.
Riley Able, Esq.
Dinsmore & Shohl
191 West Nationwide Blvd, Suite 200
Columbus, OH 43215
*Counsel to Emmanuel Clase de la Cruz*

Chris Georgalis, Esq.
Paul Flannery, Esq.
Maximillian F. Nogay, Esq.
Flannery | Georgalis, LLC
1621 Euclid Avenue, Floor 20
Cleveland, OH 44115
*Counsel to Luis Leandro Ortiz Ribera*

Todd A. Spodek, Esq.
Spodek Law Group P.C.
233 Broadway, Suite 710
New York, NY 10279
*Counsel to Robinson Vasquez Germosen*

Elizabeth Geddes, Esq.
Corva Law LLP
110 West 40th Street, Suite 1003
New York, NY 10018
*Counsel to Luis Leandro Ortiz Ribera*

Re: United States v. Emmanuel Clase De La Cruz et al.
Criminal Docket No. 25-346 (S-1) (KAM)

Dear Counsel:

The government is providing signed expert disclosures in accordance with Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. The government reserves the right to supplement and/or correct these disclosures if appropriate. See Fed. R. Crim. P. 16(a)(1)(G)(vi). The government also reserves the right to provide additional expert disclosures as they become available and to supplement and/or correct this disclosure if appropriate. See Fed. R. Crim. P. 16(a)(1)(G)(vi). The government requests reciprocal disclosures from the defendants pursuant to Fed. R. Crim. P. 16(b)(1)(C).

The government further intends to call at trial one or more witnesses involved in the extraction and formatting of data from mobile phones as well as a Google account. The government anticipates that these witnesses will testify regarding how data is extracted or formatted from the source (e.g., an electronic device or Google account), and their observations about the data that was extracted or placed in a format that is readable to a person. While technical in nature, such testimony is appropriately treated as lay witness testimony. See Fed. R. Evid. 602 (fact testimony admissible where witness has personal knowledge), 701 (permitting lay opinion

testimony). The Second Circuit and district courts within the Circuit have routinely held admissible testimony about technical subjects from witnesses not admitted as experts, provided the witnesses' testimony reflects their perceptions (in the case of fact testimony) or meets the three requirements of Rule 701 (in the case of lay opinion testimony). See, e.g., United States v. Marsh, 568 F. App'x 15, 16-17 (2d Cir. 2014) (no abuse of discretion where FBI agent testified about use of specialized investigative tool to download contents of two cellphones); United States v. Ray, No. 20-CR-110 (LJL), 2022 WL 817270, at *1 (S.D.N.Y. Mar. 16, 2022) (relying on Marsh to admit lay testimony by agent about technical process). Accordingly, the government does not anticipate calling any such witness as an expert, and therefore no disclosure is required under Rule 16(a)(1)(G).

In addition, the government anticipates introducing at trial various Spanish language documents and recordings; the government has previously produced versions of the translations of many of these materials that it intends to use at trial and will continue to do so as soon as possible. The government hopes the parties will be able to reach stipulations regarding translations of these documents and recordings,[1] but if not, the government expects that one or more expert linguists may testify regarding their translations of and/or verify the accuracy of translations of these documents and recordings. The experts further will testify that the finalized translations are true and accurate English translations of the original documents and recordings.

This letter and its contents are being produced pursuant to the protective order entered by the Court on November 30, 2025, as amended on February 27, 2026, which governs the disclosure and dissemination of designated discovery materials. See ECF Dkt. Nos. 37, 100. The materials produced herein are designated as "Sensitive" under the protective order and should be treated accordingly.

Very truly yours,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/

Eric Silverberg
Sean M. Sherman
Rebecca M. Urquiola
Assistant U.S. Attorneys
(718) 254-7000

Enclosures

cc: Clerk of the Court (KAM) (by ECF)

---

[1] To that end, the government requests that the defendants notify the government of any specific translation or translations with which the defendants disagree, to permit the parties to work through the disagreement and reach a mutually acceptable translation.