**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

FTB:EWS/SMS/RMU
F. #2025R00435

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 22, 2026

By ECF & E-mail

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Emmanuel Clase de la Cruz, et al.
United States v. Jay Doe
Criminal Docket Nos. 25-346 (S-1) (KAM), 26-39 (KAM)

Dear Judge Matsumoto:

In connection with the upcoming trial in United States v. Clase et al., Crim. No. 25-346 (S-1) (KAM) ("Clase"), the government respectfully submits this letter to request that the Court authorize the Clerk of Court to disclose to the government the Criminal-Justice-Act ("CJA") financial affidavit submitted by the defendant in United States v. Jay Doe, Crim. No. 26-39 (KAM) ("Doe"), so the government can provide it to defense counsel in Clase. Counsel for Mr. Doe does not object to this application.

On November 26, 2025, Mr. Doe was arrested pursuant to a complaint. See 25-MJ-320. During his initial appearance, Mr. Doe was appointed CJA counsel. The government was not involved in the appointment of CJA counsel for Mr. Doe and did not receive a copy of Mr. Doe's CJA financial form, which was submitted directly to the Court in connection with his initial appearance. Mr. Doe subsequently pleaded guilty to an information. See 26-CR-39 (KAM).

The government anticipates that Doe will testify as a government witness at the upcoming trial in Clase. On August 21, 2026, in accordance with the Court's scheduling order in Clase, the government provided defense counsel with materials pursuant to Giglio v. United States, 405 U.S. 150 (1972). The government also disclosed material under 18 U.S.C. § 3500 earlier than the Court had directed. On September 17, 2026, counsel for defendant Clase demanded that the government provide the defense with the CJA financial affidavit that Jay Doe submitted to the Court.

Because Mr. Doe was appointed CJA counsel upon arrest, the government has never been in possession of Mr. Doe's CJA financial affidavit. Defense counsel has not cited any

authority that requires the government to obtain a witness's CJA affidavit outside of its possession under Giglio.

Without conceding that the government has any obligation to obtain a document in the Court's possession to which it does not have access, the government respectfully requests the Court to authorize the disclosure of the CJA financial affidavit in Doe to defense counsel in Clase, with a copy also disclosed to the government, to assist the defense in preparing for trial,. See, e.g., United States v. Avenatti, 550 F. Supp. 3d 36, 55 (S.D.N.Y. 2021) (ordering disclosure of defendant's CJA affidavit, subject to limited redactions, because it is a "judicial document" that is "subject to the common law presumption in favor of public access and to the qualified First Amendment right of public access").

To protect Mr. Doe's personal financial information, the government requests that the Court authorize the disclosure as "Sensitive" material pursuant to the protective order entered in this case, ECF Nos. 37, 100.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Eric Silverberg
Sean M. Sherman
Rebecca M. Urquiola
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (KAM) (by ECF and Hand Delivery)
Counsel of Record (by ECF and E-Mail)