**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RCH:EWS/SMS/RMU
F. #2025R00435

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 24, 2026

By ECF & E-mail

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Emmanuel Clase de la Cruz, et al.
Criminal Docket No. 25-346 (S-1) (KAM)

Dear Judge Matsumoto:

The government respectfully submits this letter to clarify one aspect of the government's opposition brief based on new information it received this morning from defendants Ortiz and Clase. In the government's brief, the government noted that it had provided the defendants with contact information for counsel for Bettor-1 and Bettor-3, and that "[t]he government has conferred with Bettor-1's brother as well as counsel for Bettor-1, Bettor-3, and Bettor-4, and understands that defense counsel has not made any effort to speak with any those witnesses." See ECF No. 251, at 9 n.3. With respect to Bettor-1 and Bettor-3, the government made these statements to the Court after receiving such representations from counsel for Bettor-1 and Bettor-3 as recently as September 21, 2026.

This morning, counsel for defendant Ortiz sent the government an email representing that Ortiz's counsel had contacted counsel for Bettor-1 and Bettor-3 beginning on December 17, 2025, and February 10, 2026, respectively. Counsel for defendant Clase also informed the government that Clase's counsel attempted to contact counsel for Bettor-1 on January 1, 2026. As the footnote in the government's brief makes clear, the government's representation to the Court was based on information it had received from counsel for Bettor-1 and Bettor-3. After receiving defense counsel's email this morning, the government sought clarification from counsel for Bettor-1 and Bettor-3.

Counsel for Bettor-1 clarified that while counsel for Ortiz and counsel for Clase contacted him/her, he/she does not recall either counsel asking to speak with Bettor-1. Counsel for Bettor-1 relayed that he/she has spoken with counsel for Ortiz and counsel for Clase, and that counsel for Ortiz and counsel for Clase asked to discuss the case with counsel for Bettor-1. Counsel for Bettor-1 made clear to counsel for Ortiz and counsel for Clase that he/she was not

willing to discuss the case with them. Similarly, counsel for Bettor-3 informed the government that while he/she spoke with Ortiz's counsel, Ortiz's counsel did not ask to speak to Bettor-3.

Regardless, the government satisfied its obligations with respect to Bettor-1 and Bettor-3 by making their identities known to the defense. See United States v. Grossman, 843 F.2d 78, 84-85 (2d Cir. 1988). Defendants Ortiz's and Clase's outreach to the witnesses' attorneys only underscores that Ortiz has been aware that Bettor-1 had potentially exculpatory information as early as December 17, 2025, and Bettor-3 as early as February 10, 2026, and Clase similarly has known since at least January 2026 (though Bettor-1 executed a false declaration for Clase's attorneys in August 2025). Accordingly, for the reasons detailed in the government's opposition brief, the defendants' motions should be denied in their entirety.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Eric Silverberg
Sean M. Sherman
Rebecca M. Urquiola
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (KAM) (by ECF and Hand Delivery)
Counsel of Record (by ECF and E-Mail)