DINSMORE

**DINSMORE & SHOHL LLP**
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
www.dinsmore.com • Legal Counsel

J. Riley Able
(513) 832-5369 (direct) · (513) 977-8141 (fax)
riley.able@dinsmore.com

September 28, 2026

**VIA ECF**

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room S905
Brooklyn, New York 11201

Re: *United States v. Emmanuel Clase de la Cruz*
Criminal Case No. 25-346 (S-1) (KAM)

Dear Judge Matsumoto:

In accordance with this Court's September 24, 2026 Order, Defendant Emmanuel Clase de la Cruz respectfully submits this opposition to Defendant Luis Leandro Ortiz's Second Motion to Continue Trial, ECF No. 227. Mr. Clase opposes any further continuance of his trial and the impending rule change cited by Mr. Ortiz—the only basis for a continuance advanced by any party—should have no impact in this case.

Mr. Ortiz argues that this Court should delay trial until after December 1, 2026, in order to apply an amended version of Federal Rule of Evidence 801(d)(1)(A) that takes effect on that date. According to Mr. Ortiz, "the impact of the amendment is dramatic" because, under the new rule, the jury could consider Bettor-1's sworn, exculpatory declaration for its truth and not merely for its impact on Bettor-1's credibility. ECF No. 227 at 4-5. A continuance is unnecessary, however, because this Court already has discretion to admit Bettor-1's declaration for its truth. Specifically, under Federal Rule of Evidence 807, this Court can admit any out-of-court statement for its truth if the statement "is supported by sufficient guarantees of trustworthiness." Fed. R. Evid. 807(a)(1). The government anticipates that Bettor-1 will testify at trial, and the Advisory Committee and Supreme Court have concluded that cross-examination about a prior inconsistent statement provides the necessary trustworthiness. *See* ECF No. 227 at 4. Accordingly, the Court can admit Bettor-1's declaration for its truth. Mr. Ortiz himself recognizes that Rule 807 is available as an alternative remedy. *See id.* at 5.

Any continuance, whether to apply amended Rule 801(d)(1)(A), as a sanction for the government's *Brady* violations, or any other purpose[1], would cause irreparable harm to Mr. Clase. Mr. Clase is under contract for the next baseball season, and further delay threatens his ability to

---

[1] Mr. Clase understands that Defendant-4 was taken into custody in the Dominican Republic this weekend. During a status conference on March 6, 2026, counsel for the government represented, "This case will go forward with or without that fourth, unnamed defendant." Tr. of Mar. 6, 2026 Status Conference at 27:24-25. Mr. Clase expressly rejects any continuance for the purpose of holding a joint trial with Defendant-4.

resume his career. Mr. Clase has not waived his speedy trial rights and will be ready to begin trial on November 2, 2026.

For these reasons, Mr. Clase respectfully requests that the Court deny Mr. Ortiz's Second Motion to Continue Trial.

Respectfully submitted,

/s/ *J. Riley Able*

J. Riley Able (*pro hac vice*)
Lindsay K. Gerdes (NY Bar No. 4581690)
Michael Ferrara (*pro hac vice*)
Michael Bronson (*pro hac vice*)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Phone: (513) 977-8200
riley.able@dinsmore.com

***Counsel for Emmanuel Clase***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2026, the foregoing document was filed in this matter using the Court's electronic filing system, which will provide notice to all counsel of record.

/s/ *J. Riley Able*
J. Riley Able (*pro hac vice*)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Phone: (513) 977-8200
riley.able@dinsmore.com

***Counsel for Emmanuel Clase***