**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

FTB:EWS/SMS/RMU
F. #2025R00435

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 30, 2026

By ECF & E-mail

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Emmanuel Clase de la Cruz, et al.
Criminal Docket No. 25-346 (S-1) (KAM)

Dear Judge Matsumoto:

The government respectfully submits this letter in response to the Court's order directing the parties to confer on what redactions, if any, should be made to the Court's Sealed Memorandum and Order denying the defendants' motions to suppress.

The government submits that the proposed redactions in Exhibit A are narrowly tailored and appropriate to protect the identities of third-party victims and prospective witnesses whose identities are not yet public.[1] See, e.g., United States v. Amodeo, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (recognizing that privacy interests of third parties and law enforcement's interest in preserving confidentiality of cooperating witnesses as legitimate bases for sealing).[2] After conferring with defense counsel, the government understands that Vasquez opposes any redactions, and Clase and Ortiz have asked the government to relay the following:

> Mr. Ortiz and Mr. Clase submit that there is no basis to maintain under seal the identity of government witnesses who have pleaded guilty to criminal conduct and who intend to testify at the upcoming trial. "It is well established that the public and the press have a qualified First Amendment right to . . . access certain judicial documents." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006). The Court's Order denying

[1] The government does not object to unsealing the witnesses and victims' identities after they testify or their identities are otherwise made public at trial.

[2] For these reasons, the government respectfully seeks leave to file its proposed redactions under seal.

defendants' motion to suppress is such a judicial document to which the First Amendment right of access readily applies. See In re New York Times Co., 828 F.2d 110, 114 (2d Cir.1987) (observing that "[w]ith respect to a motion to suppress evidence obtained by the government, in particular, '[t]here is a legitimate public interest in knowing the grounds on which government conduct in obtaining evidence is challenged'" and finding that a qualified right of access extends to documents filed in connection with pretrial motion to suppress) (citation omitted). "A court may seal a judicial document or a portion thereof *only* where the movant shows sealing is 'essential to preserve higher values and is narrowly tailored to serve that interest.'" United States v. Northrup, 419 F. Supp. 3d 369, 370 (D. Conn. 2019) (quoting Matter of N.Y. Times Co., 828 F.2d 110, 116 (2d Cir. 1987)) (emphasis added). See also United States v. Haller, 837 F.2d 84, 87 (2d Cir. 1988) ("A district court must make specific, on the record findings ... demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.") (quotations omitted). Here, the government seeks to keep under seal the names of individuals who have pleaded guilty to criminal conduct and who are expected to testify at the upcoming trial. While Mr. Ortiz and Mr. Clase agree that it is appropriate keep under seal the names of cooperating witnesses where there are facts supporting that revealing their names could either jeopardize the integrity of an ongoing investigation or the safety of those individuals or their families, the government has not articulated facts to support a finding that revealing the names of these individuals in the Court's Memorandum & Order would in any way affect any ongoing investigation or put anyone in harm's way. To date, the government has only offered that this matter is "newsworthy" and that "third parties [could] act" upon learning the identities of potential government witnesses. Such a vague and conclusory description of the alleged risk is insufficient for the Court to make particularized findings demonstrating that sealing of the identities of these individuals is essential. Moreover, the continued unwarranted sealing of this

information amounts to structural error that deprives Mr. Ortiz and Mr. Clase of their rights to due process under the Constitution.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Eric Silverberg
Sean M. Sherman
Rebecca M. Urquiola
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (KAM) (by ECF and Hand Delivery)
Counsel of Record (by ECF and E-Mail)