CORVA LAW
110 West 40th Street, Suite 1003 · New York, N.Y. 10018 · (646) 974-1143 · www.corvalaw.com

October 6, 2026

By ECF

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Emmanuel Clase de la Cruz, et al.
Criminal Docket No. 25-346 (S-1) (KAM)

Dear Judge Matsumoto:

Defendants Luis Leandro Ortiz Ribera, Emmanuel Clase de la Cruz and Robinson Vasquez Germosen respectfully submit this letter pursuant to the Court's Order, dated October 2, 2026, to "file submissions in support of their respective positions" on the propriety of redactions to the Court's September 28, 2026 Memorandum & Order and directing the defendants to "address how they are prejudiced by any continued sealing of the witness' and victims' names from the public and how their constitutional due process rights are implicated."

As the Court is aware, at issue is whether the Court should redact certain names from its September 28, 2026 Memorandum & Order denying the defendants' motions to suppress. The government has asserted that the Court should redact the names of Bettor-1, Bettor-2, the other bettors and the victims "to protect the identities of third-party victims and prospective witnesses whose identities are not yet public." (ECF No. 265). To inform the defendants' position on redactions, defense counsel asked the government for its bases to redact the name of Bettor-1 and Bettor-2, both of whom the government alleges engaged in a criminal scheme to defraud and who have pleaded guilty to federal offenses related to the alleged scheme. In response, the government wrote only that it did not "believe it's appropriate to identify cooperating witnesses before they testify at trial, where third parties can act on that information" and noted that "[t]hese risks are especially pronounced in newsworthy cases . . . ." In light of the government's bareboned response, defendants objected to the redactions sought by the government. (ECF No. 265).

Notably, the government's attempts to keep information related to this matter out of the public domain are not limited to this occasion.[1] First, the government has charged Bettor-1 and Bettor-2, among others, with offenses related to the alleged criminal scheme but did so in filings maintained entirely under seal.[2] For some, the Court maintained a public docket but substituted a pseudonym for the name of the defendant and kept the filings associated with the docket under seal. (*See, e.g.*, Crim. Docket Nos. 26-003 and 26-39). For others, including the case against Bettor-1, the entire docket was – and is – under seal. (*See* Crim. Docket No. 25-285). Second, the government has designated nearly every single item of discovery as "Sensitive" and therefore subject to the Court's previously-issued protective order. While the government's rationale for some of those designations are readily apparent and not objectionable, others are far from it. For example, the government marked a filing that disclosed the amount of money it had spent on an expert witness as sensitive and objected when defense counsel sought to include that number in a public filing, leading the defendant to file his submission under seal in accordance with the protective order. (ECF No. 214 at 20 n.1). On another occasion, the government insisted that a text message between federal employees in which one employee suggested that the prosecutors were "worried" about Bettor-1's testimony (without naming Bettor-1) was sensitive, leading the defendant to file the exhibit under seal. (ECF No. 256 at 2 n.1). Most recently, the government designated videos that appear to be excerpts of televised broadcasts of MLB games – which are available on MLB's website – as "Sensitive."[3] While we recognize that the protective order allows defendants an opportunity to challenge the government's unilateral designation, in light of the number of issues pending before the Court, defendants have thus far refrained from burdening the Court with disputes about the government's protective order designations. But they bear noting here because they reveal the manner in which the government has sought to control the public narrative by reflexively maintaining information outside of the public domain.

## I. The Memorandum & Order is presumptively public, and the government has not offered specific, narrowly tailored facts sufficient for the Court to make findings to overcome that presumption.

First, the redactions sought by the government would violate the First Amendment because the government has not articulated facts to justify the redactions it seeks, including the names of Bettor-1 and Bettor-2. A qualified First Amendment right of access attaches to papers filed on pretrial motions.[4] *United States v. Gerena*, 869 F.2d 82, 85-86 (2d Cir. 1989). It applies

[1] Because this letter references material that was marked Sensitive and subject to a protective order, defendants provided a copy of this letter to the government and the government consented to our filing this letter publicly.

[2] The sealed charging documents were of course in stark contrast to the charging document against Mr. Ortiz and Mr. Clase, which was publicly filed and accompanied by a press release.

[3] Upon receiving this letter, the government advised that it would de-designate those videos as Sensitive.

[4] The First Amendment right is "stronger than its common law ancestor and counterpart." *United States v. Erie County*, 763 F.3d 235, 239 (2d Cir. 2014).

with even greater force to the Court's own ruling on those motions, which is the judicial function itself. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Once the right attaches, the proponent of sealing bears the burden. The presumption "can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Id.* at 126. "Broad and general findings . . . are not sufficient to justify closure." *Id*. Indeed, even a compelling interest does not justify categorical secrecy. In *Globe Newspaper*, the Court held that the State's interest in protecting minor sex-crime victims, "as compelling as that interest is, it does not justify a mandatory closure rule, for it is clear that the circumstances of the particular case may affect the significance of the interest." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606-09 (1982).

Whether the defense is prejudiced has no bearing on this test. The presumption of public access exists so the public can monitor the federal courts and have confidence in the administration of justice. *United States v. Amodeo*, 71 F.3d 1044, 1048, 1050 (2d Cir. 1995). The motive of whoever seeks access is "generally . . . irrelevant." *Lugosch*, 435 F.3d at 123 (quoting *Amodeo*, 71 F.3d at 1050). Sealing here would therefore be unconstitutional even if the defendants suffered no prejudice at all. The only question is whether the government has made the required showing. It has not.

To date, the government has proffered that sealing is necessary "to protect the identities of third-party victims and prospective witnesses whose identities are not yet public." (ECF No. 265). But such a broad class is precisely the categorical approach *Globe* rejects. Moreover, the government has offered no specific facts to justify what harm would occur upon disclosure or any factual basis to support such a claim. Nor could they. These individuals are expected to testify in a public trial that is weeks away. It is nonsensical that the government would claim that they have no objection to disclosure of these names at the public trial in a few weeks, but somehow disclosure of their names today would be harmful.

## II. The government's proposed redactions would violate defendants' Sixth Amendment rights.

The redactions sought by the government also violate the defendants' right under the Sixth Amendment to a public trial. As an initial matter, there is no serious dispute that the Sixth Amendment public-trial right extends beyond trial and includes suppression proceedings. The Supreme Court has explained:

> The need for an open proceeding may be particularly strong with respect to suppression hearings. A challenge to the seizure of evidence frequently attacks the conduct of police and prosecutor. . . . The public in general also has a strong interest in exposing substantial allegations of police misconduct to the salutary effects of public scrutiny.

*See also Waller v. Georgia*, 467 U.S. 39, 47 (1984). "Openness in court proceedings may improve the quality of testimony, induce unknown witnesses to come forward with relevant testimony, cause all trial participants to perform their duties more conscientiously, and generally give the public an opportunity to observe the judicial system." *Gannett Co. v. DePasquale*, 443

U.S. 368, 383 (1979) (citation omitted). *See also Waller*, 467 U.S. at 46 (recognizing that open proceedings also help to "ensur[e] that judge and prosecutor carry out their duties responsibly").

Nor does it matter that the Court's Order was written rather than delivered in a public proceeding. The Sixth Amendment applies all the same. *Cf. United States v. Canady*, 126 F.3d 352, 363 (2d Cir. 1997) ("a trial court may not circumvent the public trial right by holding no proceedings at all"); *United States v. Ramirez-Ramirez*, 45 F.4th 1103, 1110 (9th Cir. 2022) ("a clear violation of Nuñez's Sixth Amendment public trial right for the district court to make only a written finding of guilt rather than announcing its finding in a public proceeding").

Of course, there are limited justifications for closure. To justify closure, there must be an overriding interest likely to be prejudiced, closure no broader than necessary, consideration of reasonable alternatives, and adequate findings. *Waller*, 467 U.S. at 47-48. Here, withholding any part of the Court's ruling that resolved their suppression motions keeps part of that adjudication from the public without any of the showings *Waller* requires. Moreover, secret adjudication removes the structural check of open justice and weakens public confidence in the fairness of the proceeding. *Amodeo*, 71 F.3d at 1048.

## III. The government's proposed redactions would violate defendants' Due Process rights.

Finally, the government's continued insistence that nearly all of its evidence is "Sensitive" and its continued refusal to allow defendants to publicly reference either the names of the government's witnesses in any of their public filings or nearly any of the information these witnesses have shared with the government is hamstringing the defendants' ability to defend themselves in this matter. At this juncture, virtually all of the defendants' filings with the Court relate to the evidence disclosed in discovery, the government's *Brady* and *Giglio* letters and the witness statements disclosed by the government, virtually all of which has been designated by the government as "Sensitive" and subject to the Court's protective orders. As a result, the defendants have been forced, in some instances, to remove arguments from their filings in order to file publicly and, in other instances, to preview their filings with the government to attempt to get their consent to lift the restrictions on the protective order. While such burdens may be merited if this were a case involving national security or were there a legitimate risk to any of the government's witnesses, neither is present here.

Relatedly, Mr. Ortiz raised his concerns about the government's unjust filing of *ex parte* submissions in his reply brief to his motion to suppress (ECF No. 175 at 27-28), many of which apply here as well. As Mr. Ortiz wrote in that submission, the government made the affirmative choice to indict the defendants, to supersede that indictment, and to litigate their guilt now, on its own timetable. (*Id.*). Having elected to bring this prosecution, the government cannot simultaneously invoke the secrecy of an "ongoing investigation" or other amorphous risks to withhold from the public the factual showings it must make to defend the searches that prosecution depends on. (*Id.*). If the government believed its investigation was too sensitive to permit adversarial litigation of these motions, its remedy was to defer charging the defendants, not to charge them and then deny them the ability for the litigation to be open to the public. (*Id.*). Having chosen to proceed, the government must litigate these motions in the open, as the adversary process requires. (*Id.*). In an Order dated August 28, 2026, the Court ordered the

government to re-assess whether it could disclose the information contained in its *ex parte* filing to the defendants (ECF Minute Order, dated Aug. 28, 2026), and the government thereafter filed a version of its filings with fewer redactions. (ECF No. 217). Notably, the information that the government included in its initial *ex parte* filing should never have been filed *ex parte* in the first place and the government's use of *ex parte* filing is emblematic of why the Court should not – and legally cannot – simply accept the government's conclusory assertion that unsealing could be harmful. Even now, some of the government's opposition remains unknown to the defendants, as the government has refused to unseal all of it. As Mr. Ortiz wrote in his opposition (ECF No. 175 at 27-28), the government's insistence of litigating this matter under a cloak and dagger prejudices the defendants and gives rise to structural errors. Defendants reserve all of their rights as a result of the prejudice they have suffered to date.

Put simply, the government has not identified any legitimate risk that the government's witnesses will face if they are identified publicly in the few short weeks before trial is scheduled to begin. In that light, any continued limitation on the defendants' ability to reference the names of the government's witnesses and the statements these witnesses have made to the government – both in open court and in defendants' public filings – will impede the defendants' ability to present their defense.

***

For these reasons, the Court should deny the Government's request (ECF No. 265) and publicly file the September 28, 2026 Memorandum & Order. Furthermore, the Court should allow the defendants to reference the names of the government's witnesses and the statements these witnesses have made to the government – both in open court and in defendants' public filings.

Respectfully submitted,

____________________________

Elizabeth Geddes
Corva Law LLP
110 West 40th Street, Suite 1003
New York, New York 10018
liz@corvalaw.com

Paul Flannery
Christos N. Georgalis
FLANNERY GEORGALIS, LLC
1621 Euclid Avenue, Floor 20
Cleveland, Ohio 44115

*Attorneys for Defendant Luis Leandro Ortiz Ribera*

Michael Ferrara
Michael Bronson
Lindsay Gerdes
Riley Able
Dinsmore & Shohl
191 West Nationwide Blvd, Suite 200
Columbus, Ohio 43215

*Attorneys for Defendant Emmanuel Clase de la Cruz*

Todd Spodek
Spodek Law Group P.C.
233 Broadway
New York, NY 10007

*Attorney for Defendant Robinson Vasquez Germosen*

cc: All Counsel of Record (by ECF)