**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RCH:EWS/SMS/RMU/JS
F. #2025R00435

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 6, 2026

By ECF & E-mail

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Emmanuel Clase de la Cruz, et al.
Criminal Docket No. 25-346 (S-1) (KAM)

Dear Judge Matsumoto:

The government respectfully submits this letter in response to the Court's order directing the government to file a submission in support of its position that the Court should redact the names of victims and witnesses in the Court's Memorandum and Order denying the defendants' motions to suppress until such time as their identities are made public at trial.

The government submits that the proposed redactions to the Court's Memorandum and Order are appropriate in order to avoid unnecessarily exposing third-party victims and potential witnesses to public scrutiny prior to trial, which would invade their privacy and potentially place the prospective witnesses at risk. "Whereas, the party moving to place documents under seal 'bears the burden of showing that higher values overcome the presumption of public access,'" Under Seal v. Under Seal, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017), this Court recently held that "the interest in safeguarding the privacy of potential witnesses outweighs the public's qualified right to access judicial documents." United States v. Forney, No. 24-CR-146 (KAM), 2025 WL 2208298, at *18 n.12 (E.D.N.Y. Aug. 4, 2025) (permitting the government to file entire sections of its brief under seal to shield the identity of government witnesses) (citing United States v. Amodeo, 71 F.3d 1044, 1050–51 (2d Cir. 1995)). The same reasoning has regularly been employed by Courts within the Second Circuit, especially where, as here, the names of the potential witnesses have no particular relevance to the issues under consideration but do pose a potential risk to those individuals. See, e.g., United States v. Terry, No. 24 CR. 427 (LGS), 2026 WL 412080, at *1 (S.D.N.Y. Feb. 13, 2026) ("Protecting the identities of potential witnesses, including law enforcement witnesses, is a higher value that may justify sealing.") (holding that protection of law enforcement interests and judicial performance justify sealing and citing Forney and Amodeo). In addition to privacy concerns, multiple prospective witnesses have expressed safety concerns to the government arising from their potential testimony, as reflected in § 3500 material provided to the defense. While the government recognizes that their identities will be revealed

should they testify at trial, at this stage, their privacy interests justify the narrowly tailored redactions that the government has proposed. The government has no objection to unsealing the redactions should their identities become known at trial.[1]

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Eric Silverberg
Sean M. Sherman
Rebecca M. Urquiola
James R. Simmons
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (KAM) (by ECF and Hand Delivery)
Counsel of Record (by ECF and E-Mail)

[1] For the reasons described in the government's opposition to the defendants' motion for relief under Brady, see ECF No. 251 at 26, the defendants' claim that the government has improperly sealed materials in this case, see ECF No. 271 at 1-2, is wrong.