FTB:EWS/SMS/RMU/JS
F. #2025R00435

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

No. 25-CR-346 (S-1) (KAM)

EMMANUEL CLASE DE LA CRUZ,
ROBINSON VASQUEZ GERMOSEN, and
LUIS LEANDRO ORTIZ RIBERA,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

# THE GOVERNMENT'S VOIR DIRE REQUESTS

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Eric Silverberg
Sean M. Sherman
Rebecca Urquiola
James R. Simmons
Assistant U.S. Attorneys
(Of Counsel)

## THE GOVERNMENT'S PROPOSED VOIR DIRE REQUESTS

In accordance with Rule 24(a) of the Federal Rules of Criminal Procedure, the government respectfully requests that the Court ask the following questions in jury selection for this case, in addition to the Court's usual voir dire.

A. Knowledge of the Case

1. Do you have any personal knowledge of this case? Have any of you ever read or heard anything about this case, or are you familiar with any news stories or internet postings regarding a case involving Emmanuel Clase De La Cruz, Robinson Vasquez Germosen, and Luis Leandro Ortiz Ribera? Setting aside those names, are you familiar with any news stories or internet postings about a criminal case involving pitchers for the Cleveland Guardians baseball team? If so, have you formed any opinions regarding this case? Is there anything about what you have read or heard that would affect your ability to be fair and impartial in deciding this case?

2. All three defendants in this case are charged with conspiring, or agreeing, to commit wire fraud. Mr. Clase and Mr. Ortiz are also charged with conspiring, or agreeing, to commit honest services wire fraud, conspiring, or agreeing, to influence sporting contests by bribery, and conspiring, or agreeing, to commit money laundering. While the Court will give you further instructions on these crimes at a later time, the Court will also instruct that a conspiracy is an agreement to commit an unlawful act, and that since conspiracy is the making of the unlawful plan itself, the government does not have to prove that the conspirators succeeded in carrying out the plan. Do you believe that it should not be a crime to agree to do something unlawful, like agreeing to commit wire fraud, honest services wire fraud, influencing sporting contests by bribery, or money laundering, even if the object of that agreement does not succeed?

3. This case may receive attention in the media, including in the newspaper, on television, on the radio, and over the Internet. The judge will instruct you that you are not to

read, watch, or listen to such media. Under the law, you are to base your decision on the evidence presented at trial, not on what is reported in the media. Will you have any difficulty accepting the proposition that the only evidence you should consider is the evidence received in this courtroom and that you are to avoid and ignore any statements made by the media?

B. Knowledge of Trial Participants

4. The government is represented here by the United States Attorney for the Eastern District of New York, Joseph Nocella, Jr. This trial will be prosecuted by Assistant United States Attorneys Eric Silverberg, Sean Sherman, Rebecca Urquiola, and James Simmons. The government's investigative partner is the Federal Bureau of Investigation ("FBI"). The case agent is Special Agent Amy Giarrusso. At times the government will also be assisted by Johnson Peow, who is a paralegal in the U.S. Attorney's office. Do you know any of these individuals?

5. The defendants in this case are Emmanuel Clase de la Cruz, Robinson Vasquez Germosen, and Luis Leandro Ortiz Ribera. Do any of you know, or have any of you had any dealings, directly or indirectly, with Mr. Clase, Mr. Vasquez, or Mr. Ortiz, or with any relative, friend, or associate of theirs? Have you seen or heard any news stories or internet postings about Mr. Clase, Mr. Vasquez, or Mr. Ortiz?

6. Mr. Clase is represented by Michael Ferrara, Michael Bronson, Lindsay Gerdes, and Riley Able. Do any of you know these attorneys or have you had any dealings, either directly or indirectly, with any of them?

7. Mr. Ortiz is represented by Elizabeth Geddes, Chris Georgalis, Paul Flannery, Samuel Landes, and Sarah Mink. Do any of you know these attorneys or have you had any dealings, either directly or indirectly, with any of them?

8. Mr. Vasquez is represented by Todd Spodek. Do any of you know him or have had any dealings, directly or indirectly, with him?

9. Do any of you know, or have any of you had any dealings, either directly or indirectly, with any of the following persons or companies who may be mentioned or who may be witnesses in this case?

I. <u>Relevant Entities</u>

1. DraftKings
2. FanDuel
3. ESPN Bet
4. Penn Entertainment
5. Caesars Sportsbook
6. RockFence
7. Major League Baseball
8. Major League Baseball Players Association
9. Cleveland Guardians

II. <u>Possible Witnesses and Other Individuals</u>

1. Julian Alin
2. Endy Alvarez
3. Miguel Armig
4. Luis de Aza Baez
5. Leidy Diaz Brito
6. Richard V.C. Busick V
7. Edward Adames Canario

8. Ezequiel Caraballo
9. Juan Carlos Arache Ceballos
10. Mike Chernoff
11. Enthony Diaz
12. Sameer Deshpande, Ph.D.
13. Mike Forman
14. Joncy Francisco
15. Ezequiel Elias Gil Garcia
16. Elias Pena Gomez
17. Olga Gonzales
18. Austin Hedges
19. Luis Gabriel Vargas Martinez
20. Marquest Meeks
21. Genesis Raquel Almonte Mejia
22. Luis Arismendy Paca Mendez
23. Paul Mifsud
24. Brandon Milburn
25. Bo Naylor
26. Jenner Aneudis Olivo
27. Jorge Olivo
28. Josias Manuel Olivo
29. Enoc Pena
30. Christopher Petrellese

31. Scott Powers, Ph.D.

32. Agustin Rivero

33. Johanny Beltre de Rodriguez

34. Eric Rodriguez

35. Kirk Spielmaker

36. Rafael Anselmo Huerto Soto

37. Bo Taylor

38. Daniel Taylor

39. Joel Trella

40. Carl Willis

41. Karla Zaldanza

42. Mike Zunino

Please note that this list includes some well-known companies and public figures. Apart from simply having heard of those companies and figures, do you have any kind of relationship with them that would affect your ability to be a fair and impartial juror?

C. <u>Experience With the Sports or Gambling Industries</u>

10. Are you interested in or involved with the sport of baseball (for example, coaching, playing, or watching)?

   a. If yes, how closely do you follow baseball?

   b. Do you have strong feelings one way or the other about the Cleveland Guardians?

11. Have you, or anyone close to you, ever had training or worked in any professional sports?

   a. Will any of the training or work experiences that you just reported affect your ability to be fair and impartial?

12. Have you, or anyone close to you, ever had training or worked for gambling companies, platforms, and applications?

a. Will any of the training or work experiences that you just reported affect your ability to be fair and impartial?

13. Have you ever made or lost so much money on gambling that it affected your lifestyle?

a. If yes, have you ever had such a positive or such a negative experience with gambling that it would affect your ability to be a fair and impartial juror?

14. Do you have strong feelings regarding gambling companies, platforms, and applications?

15. The government alleges that certain gambling companies, platforms, and applications were victimized by the alleged criminal conduct in this case and suffered financial losses as a result. Do you have any feelings regarding a gambling company being alleged to have been victimized in this manner that would affect your ability to be fair and impartial?

D. Relationship with Government and Other Legal Professionals

16. Do any of you know, or have any of you had any association with, any member of the staff of the Department of Justice, including, but not limited to, the United States Attorney's Office for the Eastern District of New York, or the FBI?

17. Do you have any feelings, bias, sympathy, or prejudice for or against the government or the U.S. Attorney's office which would make it difficult for you to render a fair and impartial judgment based solely on the evidence presented at trial?

18. Do you have any opinions or beliefs concerning law enforcement in general — including, the FBI or the Department of Justice — that would affect your ability to evaluate the evidence in this case fairly and impartially?

19. Have you, or has anyone close to you, either individually or in the course of business, ever been a party to any legal action or dispute with the United States or with any of the offices, departments, agencies, or employees of the United States, including the FBI, or had any interest in any such legal action or dispute or its outcome?

20. Are you or is anyone close to you a judge, law clerk, court attendant, court clerk, other type of court personnel, probation officer, or person connected with any correctional institution?

21. Have you or has anyone close to you ever attended law school, received any legal training, or worked in the legal industry? Would you be able to set aside any such education, training, experience or relationship and accept the law in this case as I give it to you? Is there anything else about that education, training, experience, or relationship that would affect your ability to be fair and impartial?

22. Do you have any opinions — positive or negative — about lawyers or law school that would make it difficult for you to render a fair and impartial verdict?

23. Do you have any opinions — positive or negative — about the police or any law enforcement agency that would make it difficult for you to render a fair and impartial verdict?

24. Have you or has anyone close to you ever worked for or applied for a position at any law enforcement agency or in a related field – for example, as a police officer or a private security guard?

25. Have you or has anyone close to you ever worked for or applied for a position in any aspect of criminal defense work, including being a criminal defense lawyer or a private investigator?

E. Experience as a Witness, Plaintiff, Defendant, or Crime Victim

26. Have you or has anyone close to you ever been involved, been the subject of, or appeared as a witness in, any investigation by a federal or state grand jury or by a Congressional or state legislative committee, licensing authority, or governmental agency? Would anything about this experience affect your ability to be a fair and impartial juror in this case?

27. Have you or has anyone close to you ever been questioned, investigated, arrested or prosecuted by any law enforcement officer, federal, state, or local? If yes, do you believe that you or the person close to you was fairly treated in connection with such matter?

28. Have you or has anyone close to you ever been a witness or a complainant in any prosecution? Would anything about this experience affect your ability to be a fair and impartial juror in this case?

29. Have you or has anyone close to you ever been charged with a crime? Would anything about this experience affect your ability to be a fair and impartial juror in this case?

30. Have you or has anyone close to you ever been a victim of a crime? Was the crime reported to the police or another law enforcement agency? If yes, did law enforcement respond appropriately?

31. Have you or has anyone close to you ever been a plaintiff or a witness in a civil lawsuit?

F. Prior Jury Service

32. Have you ever served as a member of a grand jury, whether in federal, state, county, or city court?

33. Have you ever served as a juror in a trial in any court? If so, when, and in what court did you serve, and was it a civil or criminal case, what was the nature of the case? Without stating what the verdict was, did the jury reach a verdict?

34. Have you ever been a juror in a case that was dismissed because the jury was deadlocked (i.e., could not reach a verdict)?

G. Miscellaneous

35. In this trial, you may see evidence or hear testimony about cockfighting. Have you ever participated in or spectated at a cockfighting or similar animal fighting event? Do you have a friend, acquaintance, or family member who is or was involved in animal fighting? Do you have strong views regarding cockfighting or animal fighting that might affect your ability to be fair and impartial?

36.

H. General Questions / Legal Principles

37. Some witnesses in this case may be law enforcement officers and agents. The credibility of these witnesses is to be judged by the same standards as any other witness. Their testimony is not entitled to any greater or lesser weight simply because they are involved in law enforcement. Will you have any difficulty accepting and applying this rule?

38. You may hear testimony in this case from witnesses who have now pled guilty to crimes and entered into agreement with the government to testify in the hopes of obtaining leniency at sentencing. These witnesses may be referred to as cooperating witnesses. The

government is permitted to enter into these kinds of agreements and the Court will instruct you that these agreements are legal and proper. The jury may take the terms of such agreements into account, together with other factors which bear on the issue of credibility, in evaluating the witness's testimony. Do any of you have any experience with or feelings about such agreements, the use or testimony of cooperating witnesses generally, or the use of evidence or information obtained from such witnesses, which would make it difficult for you to be a fair and impartial juror in this case? Would you be able to follow the Court's instructions about how to evaluate the credibility of such witnesses?

39. Is there any juror who feels that, even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

40. Do you have any biases or prejudices against members of racial, ethnic, national or religious groups that would make it difficult for you to be fair and impartial? Do you have any knowledge about the parties or the case that might influence you in deciding the case? Would you be able to set aside any sympathies or biases you may have for any of the parties in reaching a verdict?

41. Some of the witnesses in this case will testify in foreign languages, including Spanish, through a court-certified interpreter. Do you have any feelings about such witnesses that would affect your ability to consider such evidence fairly and impartially?

42. During the trial, some testimony and documentary evidence may be presented in the form of an English translation of Spanish. You will be instructed to rely on the English translation, even if you understand Spanish, and you may not substitute your own translation for the one provided in evidence. Will anyone have difficulty following this rule?

43. Is there any reason that you would have difficulty passing judgment on another person?

44. Will you be able to accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into the deliberations of the jurors as to whether a defendant on trial here is guilty?

* * *

In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior questions, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

## I. Questions for Individual Jurors[1]

Now, let me find out some general information about each juror.

Starting with Juror No. 1:

a. What is the main way you get news—that is, the type of news reported on in newspapers, on television and on websites?

b. What websites do you regularly access for the news?

c. What magazines and newspapers do you regularly read?

[1] The government assumes that Your Honor's typical individual oral voir dire includes inquiry regarding the prospective jurors' (i) place of residency/neighborhood; (ii) occupation; (iii) marital status; (iv) spouse or significant other's occupation; (v) number and ages and occupation of any children; (vi) educational background; (vii) military background; (viii) ability to serve/hardship claims; (ix) the indictment is not evidence or proof of guilt; (x) presumption of innocence and burden of proof; (xi) verdict is based on the evidence and jurors must not do outside research or use the internet; (xii) the roles of the Court and the Jury; (xiii) the defendant need not testify or present evidence; and (xiv) the burden never shifts to the defendant even if he puts on evidence. To the extent the Court does not usually inquire on those topics, the government respectfully request they be covered during oral voir dire in this case.

d. What TV shows do you regularly watch including news programs?

e. Other than news websites, what Internet sites do you regularly visit?

f. Have you ever written a letter to the editor or posted opinions online?

g. How do you like to spend your free time? Please tell us about hobbies and interests.

h. Do you follow sports? What sports?

i. Do you gamble on sports? What sports? How frequently?

CONCLUSION

The government respectfully requests that the Court include the foregoing during jury selection. The government also requests permission to supplement or amend this request.

Dated: Brooklyn, New York
October 9, 2026

Respectfully Submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Eric Silverberg
Sean M. Sherman
Rebecca Urquiola
James R. Simmons
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (KAM) (by ECF)
All counsel of record (by ECF)