CORVA
LAW 110 West 40th Street, Suite 1003 · New York, N.Y. 10018 · (646) 974-1143 · www.corvalaw.com

October 29, 2026

Via ECF

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Emmanuel Clase de la Cruz, et al.*
Criminal Docket No. 25-346 (S-1) (KAM)

Dear Judge Matsumoto:

Defendant Luis Leandro Ortiz Ribera submits this letter in partial opposition to the government's October 28, 2026 letter motion *in limine* concerning Spanish-language translations (ECF No. 322). Mr. Ortiz opposes the government's requests insofar as they would require defendants to "raise any specific complaints about the translations or proffer alternative translations *before* the start of trial[,]" *i.e.*, in four days from today, or confine cross-examination of the government's translator to the "disputed [and material] portions" raised in advance.[1] (Govt. Ltr. 2). The authority the government cites does not support either request, and no federal rule or order of this Court limits cross-examination in the way the government proposes. Both requests would burden the defense's cross-examination of a witness the government has not yet identified and about translations the government continues to revise.

**1. *Yurofsky* Does Not Hold What the Government Says.**

The government describes its procedure as one "specifically approved by the Second Circuit." (Govt. Ltr. 2). It is not. The authority is *United States v. Yurofsky*, 55 F. App'x 13 (2d Cir. 2002) (summary order). Its only reference to a pretrial requirement is a recital of what the trial judge had done in that case: "Prior to trial, the court informed the defendants that they were required to raise any specific complaints about the translations or proffer alternative translations before the start of trial." *Id.* at 13-14. The panel then reviewed the trial judge's limits on cross-examination for abuse of discretion. *Id.* at 15. It held only that "The defendants were allowed to cross-examine the translator as to her credentials, abilities and any biases, as well as to the disputed portions of the transcript," and that that opportunity was sufficient. *Id.* at 16.

[1] Earlier today, Mr. Ortiz proposed limited revisions to the government's proposed translations.

The circuit court's decision did not address whether a pretrial flagging requirement was permissible. Nor did it confine cross-examination to disputes raised before trial. The *Yurofsky* defendants raised no disputes before trial, yet they cross-examined the translator on her credentials, abilities, biases and the disputed portions of the transcript. *Id.* at 14-16. The district court restricted questioning only after defense counsel's cross-examination became argumentative in the middle of trial. At that point, it had counsel disclose his proposed changes to the government and barred questioning on the changes the government accepted. *Id.* at 14-15.

The district court decision confirms the difference. *See United States v. Yurofsky*, 148 F. Supp. 2d 230 (E.D.N.Y. 2001), *aff'd*, 55 F. App'x 13 (2d Cir. 2002). In that case the defense had identified no complaints "despite pretrial orders scheduling dates by which to do so." *Id.* at 232. Even so, the court heard the late objections once they were disclosed to the government. *Id.* It permitted cross-examination on "all disputed portions of the transcripts, that is, all of the portions to which the defense noted its objections." *Id.* at 233-34. Mr. Ortiz does not dispute that once the parties agree before trial on the accuracy of a portion, "there would be no sound basis to cross-examine the expert as to the accuracy of those portions." *Id.* at 233. Here, however, no portion has been agreed (in part because the government continuously, and as recently as two days ago, changes the translations and reproduces them), and the government does not contend that Mr. Ortiz has disregarded any order of this Court.

**2. The Government's Proposal Is Not Warranted.**

No rule requires a defendant to preview objections to the government's translations or to supply alternatives before trial. Rule 16(b)(1)(C) requires the defense, at the government's request, to disclose expert testimony only "for any testimony that the defendant intends to use under Federal Rule of Evidence 702, 703, or 705" during the defendant's case-in-chief, and only if the rule's conditions are met. Fed. R. Crim. P. 16(b)(1)(C). The rule governs defense experts in the defense case. It does not require a preview of cross-examination. The government itself acknowledges that defendants would offer any alternative translations through their own translators in their defense case. (Govt. Ltr. 2).

*Chalarca* and *Ben-Shimon* are permissive. A district court "may permit each party to submit an alternative transcript to the jury." *United States v. Chalarca*, 95 F.3d 239, 246 (2d Cir. 1996). If accuracy is contested, "competing transcripts may be submitted to the jury." *United States v. Ben-Shimon*, 249 F.3d 98, 101 (2d Cir. 2001). Neither case sets a pretrial deadline or limits cross-examination. In *Ben-Shimon*, the district court advised the defendant "expressly and repeatedly that he was free to prepare a competing transcript." *Id.* The opinion does not describe that advice as a deadline, a condition, or a limit on cross-examination.

Mr. Ortiz recognizes that trial judges retain "wide latitude" to impose reasonable limits because of confusion, repetition or marginal relevance, but "[t]he court should avoid any blanket prohibition on exploration of an area that is central to an assessment of the witness's reliability." *United States v. Maldonado-Rivera*, 922 F.2d 934, 955 (2d Cir. 1990).

The government intends to call an expert linguist "to certify Spanish translations" and will move to admit them.[2] (Govt. Ltr. 1). Cross-examination may reach "the subject matter of the direct examination and matters affecting the witness's credibility." Fed. R. Evid. 611(b). When a linguist is called to certify translations, their accuracy is within the scope of direct. An order entered now confining cross-examination to portions flagged in advance would be a blanket prohibition imposed before anyone knows which translations the government will offer or what its witness will say. Whether a particular line of questioning is repetitive or marginal is a Rule 403 and Rule 611 judgment. It should be made on the testimony itself, as the *Yurofsky* court did after hearing the cross-examination. *Yurofsky*, 148 F. Supp. 2d at 232-33. The government's "material" qualifier cannot be applied in advance. Materiality depends on the government's proof and on the defense, and neither is fixed while the translations remain unfinished.

It would also be unfair. The government has made rolling productions of translations for nearly ten months, and it continues to amend its translations, including as recently as two days ago. As a result, the defense still does not know which translations the government will offer in final form or which of them will be critical at trial, and even if a prohibition would be appropriate in some circumstances, it is not here because the defense cannot flag disputes in translations that are not final. A rule tying cross-examination to a list prepared now would penalize the defense for revisions the government continues to make.

* * *

For these reasons, Mr. Ortiz respectfully requests that the Court deny the government's requests (1) to require defendants to raise specific complaints about the translations or proffer alternative translations before trial, and (2) to limit cross-examination of any translator to portions previously flagged or deemed "material."

Respectfully submitted,

*Elizabeth Geddes* (signature)
Elizabeth Geddes
Corva Law LLP

Christos N. Georgalis
Paul M. Flannery
Flannery | Georgalis, LLC

*Attorneys for Defendant Luis Leandro Ortiz Ribera*

cc: All counsel of record (via ECF)

---

[2] Nor could the government introduce the translations without a witness (or a stipulation from the defendants). *See, e.g., United States v. Rovirosa Martinez*, Criminal Docket No. 25-415 (S.D. Tx.), dated Apr. 14, 2026 (granting an acquittal because the government introduced translated chats in violation of the defendant's Sixth Amendment right to confront witnesses) (attached as Exhibit A).