**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>EMMANUEL CLASE DE LA CRUZ,<br>Defendant. | Case No. 25-CR-346 (S-1) (KAM) |

**DEFENDANT EMMANUEL CLASE DE LA CRUZ'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO ADMIT LATE 404(B) EVIDENCE AND CO-DEFENDANT'S STATEMENTS IMPLICATING MR. CLASE**

Mr. Clase opposes the government's motion to revisit the Court's order excluding late-noticed 404(b) evidence of an alleged tax deficiency and to introduce co-defendant Robinson Vasquez's proffer-protected statements. *See* ECF No. 341. Mid-trial, Mr. Clase's time must be devoted to defending against the allegations at trial, not to relitigating issues the Court has already decided. He therefore requests leave to supplement this response orally, outside the presence of the jury, on November 12, 2026, and is prepared to appear at 8:30 a.m. to do so.

**404(b) Evidence Disclosed More than Two Months Late Must Remain Excluded**

The government had Mr. Clase's tax records for more than a year. Yet it waited until days before trial to disclose that it would offer supposed tax deficiencies as "other acts" evidence under Fed. R. Evid. 404(b). The Court properly excluded the evidence given the late notice and because admitting it would violate due process and cripple Mr. Clase's ability to defend against the

government's belated allegations.[1] Mr. Clase informed the Court that he could not investigate alleged tax deficiencies and foreign bank holdings without retaining an expert in the middle of trial. Mr. Clase has since reasonably relied on the Court's ruling that forcing him to do so would be unfair.

Since the Court ruled, the prejudice to Mr. Clase has only grown. And because the ruling rested on due process concerns, not relevance, Mr. Clase has opened no door to revisit it.[2] First, the government, not Mr. Clase, called MLB's Paul Mifsud to introduce Mr. Clase's contract with the Guardians. *See* Gov't Ex. 526. On direct, Mr. Mifsud testified that the contract ran from 2022 to 2026, with options for 2027 and 2028. Tx. 686-87. On cross, Mr. Clase simply showed Mr. Mifsud the same government exhibit and asked him to read its financial terms for the 2022 to 2028 seasons. Second, the government's own 3500 material confirms both how complex it would be to investigate and rebut its tax allegations mid-trial and how weak the proposed testimony is. The government disclosed a single two-page document as 3500 regarding the potential testimony of Mr. Clase's tax preparer (the "KR Disclosure"). *See* Sealed Ex. 1, 3500-KR-001. The KR

---

[1] In addition to disclosure occurring more than two months after the deadline established by the Court, the Second Circuit, as this Court has recognized, has routinely held the government to a standard of ten business days or two weeks of notice for 404(b) disclosures. *See United States v. Innis*, No. 18-CR-134 (KAM), 2019 U.S. Dist. LEXIS 201092, at *9-10 (E.D.N.Y. Nov. 18, 2019).

[2] Specifically, the Court held: "Well, what's not fair is the late disclosure of it on the eve of trial and diverting the defense team for Mr. Clase to paying attention to this. I don't think the notice is reasonable, and I appreciate that you want a ruling now, and so I'm prepared to rule that I'm precluding it. I think that the notice is too late. I think this is information that could have been obtained and provided and notice could have been given to the defense before, whenever it was, yesterday or the day before. And I think that whether or not it's relevant, whether or not it's direct evidence, all of that may be true, but it's really you know, putting a burden on the defense team right now on the eve of trial and I think that in fairness and in order to make sure that this case can go forward smoothly that I will preclude that evidence." Tr. 100. Moreover, the government's suggestion that Mr. Clase agreed the evidence was admissible in rebuttal is simply not true. Mr. Clase's counsel merely acknowledged that the Court reserved the ability to consider evidence in a rebuttal case when and if necessary or appropriate. *Id.* at 101. Mr. Clase's position will not change at any stage in the trial. He cannot possibly marshal evidence from a foreign country and engage an expert to rebut the government's allegations in the middle of a trial where his liberty is at stake.

Disclosure states that the tax preparer never dealt with Mr. Clase—only with his baseball agent.[3] Mr. Clase is not a U.S. citizen. Nothing suggests he has personal expertise in the U.S. tax system or that he acted unreasonably in relying on professionals to handle any obligations beyond the W-2 withholdings from his Guardians paychecks. Most important, the KR Disclosure shows on its face that the tax obligation came due in August 2025—after the alleged conspiracy ended—and that the filings reflect foreign bank holdings in the Dominican Republic of approximately $4.7 million in 2023 and $2.7 million in 2024. These holdings dwarf the alleged tax liability and are orders of magnitude larger than the few thousand dollars Mr. Clase allegedly received from the charged conspiracies. To answer the government's impermissibly late-noticed accusations, Mr. Clase would have to investigate his liquid and illiquid holdings in the Dominican Republic, authenticate that evidence through international procedures that typically take months, and retain an expert to review it. That cannot happen during this trial. Worse, the exercise would waste the jury's time on a sideshow about Mr. Clase's foreign assets—and leave him looking like someone dodging his taxes. The evidence thus becomes a bad act that is highly prejudicial. Mr. Clase has not, and will not, have time to gather the necessary records, to retain an expert, and to analyze those records and the underlying tax issues. Rewarding the government's delinquency by admitting this evidence would violate Mr. Clase's due process rights and squander the jury's time.

**<u>Admitting Co-Defendant Vasquez's Statement in a Joint Trial Would Be Reversible Error</u>**

Mr. Clase disputes that Mr. Vasquez's counsel opened the door to stripping Mr. Vasquez of proffer protection. *See United States v. Rosemond*, 841 F.3d 95, 108-10 (2d Cir. 2016) (holding

[3] The government has had Mr. Clase's tax records, and has known the name of his tax preparer, since January 2026. In or around March 2026, while it was trying to disqualify Mr. Clase's counsel of choice, the government served Mr. Clase's agent with a grand jury subpoena for testimony, among other things. It never followed through on that subpoena for testimony, or even an interview with the agent, despite his counsel offering availability. And since at least December 2025, it has held records from RockFence, the company that made multiple loans to Mr. Clase. One conversation with the tax preparer, Mr. Clase's agent, or anyone at RockFence would have revealed that Mr. Clase's representatives negotiated an extension and a payment plan for Mr. Clase's taxes.

that a proffer waiver is not triggered by "arguing generally that the Government has not met its burden of proof," "arguing specifically that the Government has failed to prove particular elements of the crime," or "cross-examining a witness in a manner to suggest that he was lying or mistaken or was not reporting an event accurately," and that "[a]bsent an affirmative assertion of fact contradicting the proffer agreement," attacks on credibility "will usually be insufficient to trigger the 'factual assertion' requirement"); *United States v. Oluwanisola*, 605 F.3d 124, 132-33 (2d Cir. 2010) (holding that "[a] cross examination question that goes to the credibility of the government's witness, without a factual assertion contradicting the facts admitted in the proffer statement, is not sufficient to trigger the waiver provision," and that reading the waiver more broadly "would leave the defendant, for all practical purposes, defenseless"); *United States v. Booker*, 825 F. App'x 4, 10 (2d Cir. 2020) (summary order) (explaining that "[a]sserting that the government would not meet its burden of proof does not trigger the waiver because it does not imply factual innocence," and that "[q]uestioning witnesses about prior inconsistent statements challenges the witness's credibility but does not mandate a conclusion that the witness's testimony is factually inaccurate").

But the Court need not reach that issue. No redaction can sanitize Mr. Vasquez's alleged proffer-protected statements enough to avoid implicating Mr. Clase, so binding Supreme Court precedent bars them from the joint portion of the trial. *See Samia v. United States*, 599 U.S. 635, 652 (2023) (explaining that the confession of a non-testifying defendant is inadmissible at a joint trial where the confession "directly implicate[s]" a co-defendant). As this Court previously recognized, redacted statements that "contain a 'unique' description of the non-confessing defendant" violate the Confrontation Clause. *See* Order at 30, ECF No. 325 (quoting *Gray v. Maryland*, 523 U.S. 185, 195 (1998)). Likewise, replacing defendants' names with "aliases based on their occupations" is impermissible. *Id.* (quoting *United States v. Hoover,* 246 F.3d 1054, 1059

(7th Cir. 2001)). Nevertheless, relying on this Court's prior decision that Mr. Vasquez's statements could refer to either Mr. Clase or Mr. Ortiz, the government proposes replacing Mr. Clase's name with "baseball player." Gov't. Mot. at 12-13, ECF No. 341. But the government's request has a fatal flaw. Mr. Vasquez's alleged statements to the FBI incorporate by reference a picture of a wager that another bettor sent to Mr. Vasquez. *See id.* at 12. That wager was on a pitch thrown by Mr. Clase, *see id.* at 8, and only Mr. Clase could have given advance notice of the pitch he intended to throw. Because the picture of the wager is integral to Mr. Vasquez's alleged statements, the redacted statements "immediately inculpate" Mr. Clase. *See United States v. Jass*, 569 F.3d 47, 61 (2d Cir. 2009). No anonymization can cure that constitutional defect.

Nor does Mr. Vasquez have any connection to Mr. Ortiz, so the jury will inevitably infer that the statement refers to Mr. Clase. And even if the jury concluded that it referred to Mr. Ortiz, the government's theory is that Mr. Clase was the conduit between the bettors and Mr. Ortiz—so the statement would still inculpate Mr. Clase. He would be powerless to rebut that inference because he cannot confront his accuser, in violation of the Sixth Amendment. The government charged multiple defendants besides Messrs. Clase and Ortiz in standalone cases. It chose to charge Mr. Vasquez alongside Messrs. Clase and Ortiz and to try them jointly. It cannot now weaponize those choices to violate Mr. Clase's constitutional rights. Admitting Mr. Vasquez's proffer statements during the joint portion of the trial would result in reversible error. *See United States v. Taylor*, 745 F.3d 15, 29 (2d Cir. 2014) (reversing conviction where "[t]he jury could immediately infer, on the evidence of the redacted confession alone, that [the non-testifying co-defendant] had likely named the co-defendants").

## CONCLUSION

For these reasons, Mr. Clase respectfully requests that the Court continue to exclude the government's 404(b) evidence and Mr. Vasquez's alleged proffer-protected confession.

Respectfully submitted,

/s/ *J. Riley Able*

J. Riley Able (*pro hac vice*)
Michael Ferrara (*pro hac vice*)
Lindsay K. Gerdes (NY Bar No. 4581690)
Michael J. Bronson (*pro hac vice*)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Phone: (513) 977-8200
riley.able@dinsmore.com

***Counsel for Emmanuel Clase***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2026, the foregoing document was filed in this matter using the Court's electronic filing system, and that a copy of all documents filed under seal were provided via email.

/s/ *J. Riley Able*
J. Riley Able (*pro hac vice*)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Phone: (513) 977-8200
riley.able@dinsmore.com

***Counsel for Emmanuel Clase***