# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x

UNITED STATES OF AMERICA,

-against- 23-CR-82 (EK)

CARLOS WATSON, and
OZY MEDIA INC.,

Defendants.

--------------------------------------------------x

**JURY CHARGE**

# Table of Contents


| | | |
|---|---|---|
| I. | GENERAL RULES | 4 |
| 1. | The Role of the Court | 5 |
| 2. | The Role of the Jury | 5 |
| 3. | Juror Obligations | 7 |
| 4. | Equality of Parties Before the Court | 7 |
| 5. | Presumption of Innocence and Burden of Proof | 7 |
| 6. | Reasonable Doubt | 8 |
| 7. | Indictment Is Not Evidence | 9 |
| 8. | Dates Approximate | 9 |
| 9. | Meaning of “And” in the Indictment | 10 |
| 10. | Improper Considerations of Race, Religion, National Origin, Sex, or Age | 10 |
| 11. | Considerations of Punishment Are Not the Role of the Jury | 10 |
| 12. | Sympathy | 11 |
| 13. | Stipulations Regarding Facts | 11 |
| 14. | Objections | 11 |
| 15. | Charts and Summaries | 12 |
| 16. | Demonstrative Aid | 12 |
| 17. | Preparation of Witnesses | 12 |
| 18. | Credibility of Witnesses | 13 |
| 19. | Cooperating Witness Testimony | 14 |
| 20. | Law Enforcement Witnesses | 16 |
| 21. | Defendant’s Testimony | 17 |
| 22. | Redactions | 17 |
| 23. | Opinion Witnesses | 17 |
| 24. | No Duty To Produce Specific Evidence Or To Use Particular Investigative Techniques | 18 |
| 25. | No Duty to Call Witnesses | 18 |
| 26. | Uncalled Witnesses Equally Available to Both Sides | 19 |
| 27. | Direct and Circumstantial Evidence | 19 |
| 28. | Permissible Inferences Drawn from the Evidence | 20 |
| 29. | Transcripts | 21 |
| 30. | Persons Not on Trial | 21 |

| | | |
|---|---|---|
| II. | THE CHARGED OFFENSES | 22 |
| 31. | "Knowingly" , "Intentionally" and "Willfully" | 22 |
| 32. | Summary of the Charges | 23 |
| 33. | Conspiracy Generally | 23 |
| 34. | Count One: Conspiracy to Commit Securities Fraud | 24 |
| | A. Elements of Conspiracy | 25 |
| 1. | First Element: Existence of the Agreement | 25 |
| 2. | Second Element: Membership in the Conspiracy | 26 |
| 3. | Third Element: Overt Act | 28 |
| | B. Count One: Object of the Conspiracy – Securities Fraud | 29 |
| 1. | First Element: Fraudulent Act | 30 |
| 2. | Second Element: Knowingly, Willfully and With Intent to Defraud | 33 |
| 3. | Third Element: Interstate Commerce | 34 |
| 35. | Count Two: Conspiracy to Commit Wire Fraud | 35 |
| 36. | Count Two: Object of the Conspiracy - Wire Fraud | 37 |
| | A. First Element: Existence of a Scheme to Defraud | 38 |
| | B. Second Element: Intent to Defraud | 40 |
| | C. Third Element: Use of Interstate Wires | 41 |
| 37. | Count Three: Aggravated Identity Theft | 42 |
| | A. First Element: Use of Means of Identification | 42 |
| | B. Second Element: Commission of Predicate Offense | 43 |
| | C. Third Element: Without Lawful Authority | 44 |
| 38. | Count Three: Aiding and Abetting Liability | 44 |
| | A. Aiding and Abetting | 44 |
| | B. Willfully Causing a Crime | 46 |
| 39. | Guilt of Substantive Offense Due to Membership in a Conspiracy | 47 |
| 40. | Conscious Avoidance | 48 |
| 41. | Proof of Motive is Not Necessary | 50 |
| 42. | Corporate Defendant | 50 |
| 43. | Venue | 52 |
| III. | GENERAL INSTRUCTIONS FOR YOUR DELIBERATIONS | 54 |
| 44. | Selection of a Foreperson | 54 |
| 45. | Electronic Communications | 54 |

46. Communications with the Court; Right to See Exhibits and Excerpts of Testimony During Deliberations; Indictment 55

47. Jury Communications During Deliberations 55

48. Deliberations 56

49. Verdict Must be Unanimous 57

Ladies and Gentlemen of the Jury,

Now that the evidence in this case has been presented and the attorneys for the government and the defendant have concluded their closing arguments, it is my responsibility to instruct you as to the law that governs this case. During these instructions, I will not summarize the evidence. If necessary, I may refer to portions of the evidence to explain the law that relates to them. My instructions will be in three parts:

First, I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case.

Second, I will instruct you as to the legal elements of the crimes charged in the Indictment, that is, the specific elements that the government must prove beyond a reasonable doubt to warrant a finding of guilt.

Third, I will instruct you as to some general rules regarding your deliberations following these instructions.

## I. GENERAL RULES

## 1. The Role of the Court

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant and admissible under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be — or ought to be — it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

## 2. The Role of the Jury

Your role is to pass upon and decide the fact issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve any conflicts there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility — or believability — of the witnesses.

In determining the facts, you must rely upon your own recollections of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer that is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a factual matter to be taken as a substitute for your own independent recollection. What I say is not evidence.

The evidence before you consists of the answers given by witnesses—the testimony they gave, as you recall it — and the exhibits that were received in evidence.

The evidence does not include questions — by any party or the Court. Only the answers are evidence. But you may not consider any answer that I sustained an objection to, that I directed you to disregard, or that I directed struck from the record. Do not consider such answers.

You may also consider the stipulations of the parties as evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of a defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other

witnesses. You must understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.

**3. Juror Obligations**

I know you will try the issues that have been presented to you according to the oath which you have taken as jurors in which you promised that you would well and truly try the issues joined in this case and a true verdict render. If you follow that oath, and try the issues without fear or prejudice or bias or sympathy, you will arrive at a true and just verdict.

**4. Equality of Parties Before the Court**

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is significant to the community. Equally, it is important to the defendants, who are charged with serious crimes.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

**5. Presumption of Innocence and Burden of Proof**

The defendants have pleaded not guilty to the charges in the Indictment. To convict a defendant, the burden is on the prosecution to prove the defendant's guilt of each element of a charge beyond a reasonable doubt. This burden never shifts to the defendant, for

the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, each defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the government has proven a given defendant guilty of a given charge beyond a reasonable doubt.

**6. Reasonable Doubt**

Since, in order to convict a defendant of a given charge, the government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely on in making an important decision.

A reasonable doubt is not an impulse or whim. It is not speculation or mere suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the government prove guilt beyond all possible doubt. Proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to a defendant's guilt with respect to a particular charge against him, you must find that defendant not guilty of that charge. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of a defendant's guilt with respect to a particular charge against him, then you should find the defendant guilty of that charge.

## 7. Indictment Is Not Evidence

The defendants are formally charged in an indictment. As I instructed you at the outset of this case, an indictment is a charge or accusation. The indictment is merely a statement of charges and is not evidence. The indictment in this case contains three counts on which you will be called to render a verdict. I will go over them in detail, but let me list them now:

Count One charges the defendants with participating in a conspiracy to commit securities fraud.

Count Two charges the defendants with participating in a conspiracy to commit wire fraud.

Count Three charges defendant Carlos Watson with committing aggravated identity theft.

In reaching your verdict, bear in mind that guilt is personal and individual. Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant. Other than the special rules for corporations, which I will instruct you about later, the case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not dictate your decision as to any other defendant or any other count. No other considerations are proper.

I will shortly explain to you the law that applies to each of the counts in the indictment.

## 8. Dates Approximate

You will note that the indictment charged that the offenses were committed "in or about" a certain timeframe. The government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonable doubt that the

offense was committed on a date reasonably near the timeframe alleged.

### 9. Meaning of "And" in the Indictment

Where a statute specifies alternative ways in which an offense may be committed, the indictment may allege the multiple ways in the conjunctive — that is, by using the word "and." If only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

### 10. Improper Considerations of Race, Religion, National Origin, Sex, or Age

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendants' race, religion, national origin, sex or age. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I have just discussed.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

### 11. Considerations of Punishment Are Not the Role of the Jury

The question of possible punishment of a defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing any sentence rests exclusively with the court. Your function is to weigh the evidence in the case and to determine whether or not a defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oaths as jurors, you cannot allow a consideration of the

punishment that may be imposed upon a defendant, if they are convicted, to influence your verdict in any way, or, in any sense, enter into your deliberations.

**12. Sympathy**

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of a defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that a defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict. If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

**13. Stipulations Regarding Facts**

A stipulation is an agreement among the parties that a certain fact is true. You should regard such agreed upon facts as true.

**14. Objections**

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the sidebar out of the hearing of the jury. All those questions of law must be decided by me, the

court. You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence. You should not be influenced by the objections, the court's rulings on the objections, or the fact that certain exhibits may have been discussed in court but not admitted into evidence.

**15. <u>Charts and Summaries</u>**

The government has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries as a supplement to the underlying documents and testimony that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

**16. <u>Demonstrative Aid</u>**

During the trial, a demonstrative aid – a dry-erase board – was shown to you to help explain the evidence in the case. This demonstrative aid was not admitted in evidence and will not go into the jury room with you. A demonstrative aid is not itself evidence or proof of any facts. If it does not correctly reflect the facts or figures shown by the evidence in the case, you should disregard the demonstrative aid and determine the facts from the underlying evidence.

**17. <u>Preparation of Witnesses</u>**

There was testimony at trial that the attorneys for the government and/or defense interviewed witnesses when preparing for and during the course of the trial. You must not draw any unfavorable inference from that fact. To the contrary, the attorneys were obliged to prepare

their case as thoroughly as possible and, in the discharge of that responsibility, properly interviewed witnesses before trial and as necessary throughout the course of the trial. Such preparation helps conserve your time and the Court's time.

## 18. Credibility of Witnesses

It must be clear to you by now that the government and the defendants are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the government or one or both defendants that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some

bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about. Also, you should consider whether the witness' recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

## 19. Cooperating Witness Testimony

You heard from witnesses who testified that they were themselves involved in one or more of the charged crimes with the defendants. Experience will tell you that the government sometimes must rely on the testimony of witnesses who admit participating in criminal activity. Otherwise, it would be difficult or impossible to detect and prosecute wrongdoing. The government argues, as it is permitted to do, that it must take the witnesses as it finds them and that people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others. For that reason, the law allows the use of such testimony. It is the law in the federal courts that such testimony may be enough, standing alone, for conviction if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, because of the interest a cooperating witness may have in testifying, the testimony should be scrutinized with care and caution. The fact that the witness may benefit from his cooperation may be considered by you as bearing upon his credibility.

Like the testimony of any other witness, cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into

account the witness's demeanor and candor, the strength and accuracy of the witness's recollection, his background and the extent to which his testimony is or is not corroborated by other evidence in the case.

You may consider whether a cooperating witness has an interest in the outcome of the case and, if so, whether that interest has affected his testimony. You should ask yourselves whether the witness would benefit more by lying or by telling the truth. Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely, or did he believe that his interest would be best served by testifying truthfully? If you believe that that witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie or was it one that would cause him to tell the truth? Did this motivation color his testimony? You are the ones to decide that. You are the deciders of the facts.

As with any other witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept the witness's testimony in other parts, or you may disregard all the testimony. That's a determination entirely for you, the jury.

You heard evidence that certain of these government witnesses have pleaded guilty to charges arising out of some of the same facts that are at issue in this case. That evidence is before you solely to assist you in evaluating the credibility of that witness. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendants on trial before you from the fact that a prosecution witness pled guilty to related or similar charges. Those witnesses' decisions to plead guilty were personal decisions about their own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendants.

You have already heard testimony that these cooperating witnesses pled guilty after entering into agreements with the government to testify. The government is allowed to enter into these agreements, and it is not your concern why the government made an agreement with a particular witness or whether you approve or disapprove of the government's tactics. You may, however, consider the effect, if any, that the existence or terms of the agreement may have on the witness's credibility.

The government has also promised to bring the witness's cooperation to the attention of the sentencing Court. When someone cooperates with the government, the government does not determine what sentence they are going to get. Nor does the government typically make a recommendation to the sentencing judge as to how much time they are going to get. What the government will do, if it is satisfied with the level of cooperation, is write to the sentencing judge what is known as a 5K letter. The 5K letter sets forth the cooperating witness' criminal acts as well as the substantial assistance the witness has provided. I instruct you that the 5K letter does not guarantee the cooperating witness a lower sentence. This is because the sentencing Court may, but is not required, to take the 5K letter into account when imposing sentence on the cooperating witness. The Court has discretion, whether or not a 5K letter is written, to impose any reasonable sentence the Court deems appropriate up to the statutory maximum. The final determination as to the sentence to be imposed rests with the Court, not with the government. In sum, you should look at all the evidence in deciding what credence and what weight, if any, you want to give the cooperating witness and the 5K.

## 20. Law Enforcement Witnesses

You have heard the testimony of a law enforcement witness. The fact that a witness may be employed by the government or as a law enforcement officer does not mean that

his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

### 21. Defendant's Testimony

In a criminal case, a defendant has the right to elect not to testify. However, if a defendant chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant Carlos Watson decided to testify. You should examine and evaluate his testimony just as you would the testimony of any witness.

### 22. Redactions

Among the exhibits received in evidence, there are some documents that are redacted. "Redacted" means that part of the document was taken out. You are to concern yourself only with the part of the document that has been admitted into evidence. You should not consider any possible reason why the other part of it has been redacted.

### 23. Opinion Witnesses

In this case, I have permitted a witness, Dr. David Robinson, to express his opinion about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable

in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

**24. No Duty To Produce Specific Evidence Or To Use Particular Investigative Techniques**

Although the government bears the burden of proof beyond a reasonable doubt, and although a reasonable doubt can arise from lack of evidence, you are instructed that there is no legal requirement that the government use any specific investigative techniques or pursue every investigative lead to prove its case. The government, its agents, and employees are not on trial, and law enforcement techniques are not your concern. Therefore, although you are to carefully consider the evidence adduced by the government, you are not to speculate as to why they used the techniques they did, or why they did not use other techniques. Additionally, the law does not require that all things mentioned during the course of the trial be produced as exhibits. Your concern is to determine whether or not, on the evidence or lack of evidence, each of the defendants' guilt has been proved beyond a reasonable doubt.

**25. No Duty to Call Witnesses**

I also charge you that all persons who may have been present at any time or place mentioned in the case, or who may appear to have some knowledge of the issues in this case, need not be called as witnesses. There is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You also should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

**26. Uncalled Witnesses Equally Available to Both Sides**

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The burden of proof to prove the charges beyond a reasonable doubt remains with the government throughout the trial.

**27. Direct and Circumstantial Evidence**

In deciding whether or not the government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, when a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

## 28. Permissible Inferences Drawn from the Evidence

During the trial you may have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw—but not required to draw—from the facts that have been established by either

direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

**29. Transcripts**

The government has presented exhibits containing a transcription of certain recordings that have been received as evidence. Let me say again, you, the jury, are the sole judges of the facts. Therefore, when the recordings were played I advised you to listen very carefully to the recordings themselves. You should make your own interpretation of what appears on the recordings based on what you heard. If you think you heard something differently than appeared on the transcripts then what you heard is controlling.

**30. Persons Not on Trial**

You have heard evidence about the involvement of certain other people in the crimes charged in the indictment. You may not draw an inference, favorable or unfavorable, towards the government or the defendants from the fact that certain persons are not on trial before you. That these other individuals are not on trial before you is not your concern. You should neither speculate as to the reason these other people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case. Nor should you draw any inference from the fact that another person is not present at this trial. Your concern is

solely with the defendants on trial before you.

## II. THE CHARGED OFFENSES

### 31. <u>"Knowingly" , "Intentionally" and "Willfully"</u>

During these instructions, you will hear me use the terms "knowingly," "intentionally," and "willfully." Therefore, I will define these terms for you.

1. <u>Knowingly</u>

A person acts "knowingly" if he acts intentionally and voluntarily and not because of ignorance, mistake, accident or carelessness. Whether a defendant acted knowingly may be proven by his conduct and by all the facts and circumstances surrounding the case.

In considering whether a defendant had knowledge of a given fact, you may consider whether the defendant was aware of a high probability that the fact was true, and acted with deliberate disregard for the truth. In determining whether a defendant acted knowingly, you may also consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him.

However, knowledge may not be established by demonstrating that a defendant was merely negligent, foolish, or mistaken; or if you find a defendant was operating under an actual and sincere belief.

2. <u>Intentionally</u>

A person acts "intentionally" when he acts deliberately and purposefully. That is, to be intentional, a defendant's acts must have been the product of his conscious, objective decision rather than the product of a mistake or accident. You may infer that a person ordinarily intends all natural and probable consequences of an act knowingly done. It is sufficient that a defendant intentionally engages in conduct that the law forbids. The government is not required

to prove that a defendant is aware of the law that actually forbids his conduct.

3. Willfully

To act "willfully" means to act voluntarily and with a wrongful purpose. The defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

Whether a person acted knowingly, intentionally, or willfully is a question of fact for you to determine, like any other fact question. Direct proof of knowledge and criminal intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with criminal intent. Such direct proof is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

## 32. Summary of the Charges

The defendants are formally charged in an indictment. As I instructed you at the outset of this case, an indictment is a charge or accusation. The indictment is merely a statement of charges and is not evidence. The indictment in this case contains three counts on which you will be called to render a verdict.

I will now explain to you the law that applies to each of the counts in the indictment.

## 33. Conspiracy Generally

I will instruct you first on conspiracy. A conspiracy is a kind of criminal partnership, at the heart of which is an agreement or understanding by two or more persons to accomplish some unlawful purpose. You will recall that the term "person" also refers to

corporations.

A conspiracy to commit a crime is an entirely separate and different offense from the underlying crime that the conspirators intended to commit. A conspiracy is in and of itself a crime. If a conspiracy exists, it is still punishable as a crime, even if it should fail to achieve its purpose or even if it was impossible for them to carry out their plan successfully.

That is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, all else equal, and increases the likelihood of success of a particular criminal venture. In this case, the defendants are charged with conspiracy to commit securities fraud and wire fraud, but not the substantive crime of securities fraud or wire fraud.

**34. <u>Count One: Conspiracy to Commit Securities Fraud</u>**

Count One of the indictment charges the defendants Carlos Watson and Ozy Media, Inc. with conspiracy to commit securities fraud as follows:

> In or about and between January 2018 and October 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CARLOS WATSON and OZY MEDIA, INC., together with others, did knowingly and willfully conspire to use and employ manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (i) employing one or more devices, schemes and artifices to defraud; (ii) making one or more untrue statements of material fact and omitting to state one or more material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (iii) engaging in one or more acts, practices and courses of business which would and did operate as a fraud and deceit upon one or more investors and potential investors in OZY MEDIA, INC., in connection with the purchase and sale of investments in OZY MEDIA, INC., directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails, contrary to Title 15, United States Code, Sections 78j(b) and 78ff.

A. Elements of Conspiracy

To prove the crime of conspiracy to commit securities fraud, the government must prove three elements beyond a reasonable doubt:

First, that two or more persons entered into an agreement — for Count One, an agreement to commit securities fraud, which I will define for you later in my instructions;

Second, that the defendant you are considering knowingly and willfully became a member of the conspiracy; and

Third, that any one of the conspirators — that is, the defendant you are considering or any other member of the conspiracy — knowingly committed at least one overt act in furtherance of the conspiracy during the life of the conspiracy.

1. First Element: Existence of the Agreement

The first element that the government must prove beyond a reasonable doubt for Count One is that two or more persons entered into the charged agreement to commit securities fraud. One person cannot commit a conspiracy alone. Rather, the proof must convince you that at least two persons joined together in a common criminal scheme.

The government need not prove that members of the conspiracy met together or entered into any express or formal agreement. You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or the means by which the scheme was to be accomplished. It is sufficient to show that the conspirators tacitly came to a mutual understanding, either spoken or unspoken, to accomplish an unlawful act by means of a joint plan or common design.

You may, of course, find that the existence of an agreement between two or more persons to violate the law has been established by direct proof. But since, by its very nature, a conspiracy is characterized by secrecy, direct proof may not be available. The government is not

required to prove that the conspirators sat around a table and entered into a solemn contract, orally or in writing, stating that they have formed a conspiracy to violate the law, setting forth details of the plans, the means by which the unlawful project is to be carried out or the part to be played by each conspirator. A conspiracy, by its very nature, is almost invariably secret in both origin and execution.

Therefore, you may infer the existence of a conspiracy from the circumstances of this case and the conduct of the parties involved. In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In determining whether an agreement existed here, you may consider the actions and statements of all those you find to be participants in the conspiracy as proof that a common design existed to act together for the accomplishment of the unlawful purpose stated in the indictment.

2. <u>Second Element: Membership in the Conspiracy</u>

The second element the government must prove beyond a reasonable doubt for Count One is that the defendant you are considering knowingly and willfully became a member in the charged conspiracy. I have explained to you what it means to act knowingly and willfully. A person acts knowingly and willfully if he acts voluntarily and with a bad purpose either to disobey or disregard the law, and not because of negligence, inadvertence, or mistake. In other words, did the defendant participate in the conspiracy with knowledge of its unlawful purpose and with the intent to promote and cooperate in any one of its unlawful objectives? Knowledge and willfulness may be inferred from a secretive or irregular manner in which activities are carried out. Whether a defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

In order for a defendant to be deemed a member of a conspiracy, he need not have had a stake in the venture or its outcome. While proof of a financial or other interest in the

outcome of a scheme is not essential, if you find that a defendant did have such an interest, it is a factor you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

A defendant's participation in the conspiracy must be established by evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.

A defendant's knowledge may be inferred from the facts proved. In that connection, I instruct you that, to become a member of the conspiracy, a defendant need not have been apprised of all of the activities of all members of the conspiracy or know the identities of all members of the conspiracy. Moreover, a defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part. In addition, a defendant need not have joined in all of the conspiracy's unlawful objectives.

In considering whether a defendant participated in a conspiracy, be advised that a conspirator's liability is not measured by the extent or duration of his participation, as he need not have been a member of the conspiracy for the entire time of its existence. In addition, each member of the conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. Even a single act may be sufficient to draw a defendant within the ambit of the conspiracy. The key inquiry is simply whether a defendant joined the conspiracy charged with an awareness of at least some of the basic aims and purposes of the unlawful agreement and with the intent to help it succeed.

I caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, *without*

knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is required is that a defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends. In sum, a defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking. That defendant thereby becomes a knowing and willing participant in the unlawful agreement — that is to say, a conspirator.

3. Third Element: Overt Act

The third element for conspiracy to commit securities fraud, as charged in Count One of the indictment, is the requirement of an overt act. To sustain its burden of proof with respect to this element, the government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of the conspiracy by at least one of the conspirators — either the defendant you are considering or any other member of the conspiracy. The defendant need not be the person who committed the act because, in the eyes of the law, the act of one member of the conspiracy becomes an act of all of the members of the conspiracy.

As noted previously, Count One of the indictment contains a section that describes certain alleged "overt acts." I will send the indictment back with you, and you will be able to read the overt acts listed in it. But the government does not need to prove any of the specific overt acts alleged in the indictment. You may find that some other overt act was committed that is not alleged in the indictment. Ultimately, the only requirement is that one of the members of the conspiracy — again, not necessarily the defendant — has taken some step or action in furtherance of the conspiracy during the life of that conspiracy.

In other words, the overt act element is a requirement that the agreement went

beyond the mere talking stage, the mere agreement stage. The requirement of an overt act is a requirement that some action be taken during the life of the conspiracy by one of the co-conspirators in order to further the unlawful agreement.

You need not reach unanimous agreement on whether a *particular* overt act was committed in furtherance of the conspiracy; you just need to all agree that at least some overt act was committed in furtherance of the conspiracy.

You should also bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act loses its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act that in and of itself is criminal or constitutes an objective of the conspiracy.

B. <u>Count One: Object of the Conspiracy – Securities Fraud</u>

I will now explain the law of securities fraud, which is alleged to be the object of the conspiracy charged in Count One of the indictment. An object of a conspiracy is the illegal goal or goals the co-conspirators agreed or hoped to achieve. As previously noted, the defendants are not charged with *actually committing* these unlawful acts, but rather with *conspiring* to commit them. I therefore describe for you the elements of these unlawful acts only so you can understand what the government must prove was an objective of the conspiracy.

The elements of securities fraud are:

<u>First</u>, that in connection with the purchase or sale of securities, the defendant you are considering did any one of the following:

(a) employ any device, scheme, or artifice to defraud, or

(b) make any untrue statement of a material fact or omit to state a material fact necessary in order to make the

statements made, in the light of the circumstances under which they were made, not misleading, or

(c) engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

Second, that the defendant acted willfully, knowingly, and with the intent to defraud; and

Third, that the defendant knowingly used, or caused to be used, any means or instrumentalities of interstate commerce in furtherance of the fraudulent conduct.

1. First Element: Fraudulent Act

The first element of securities fraud, which is the object of the conspiracy charged in Count One, is that, in connection with the purchase or sale of securities, a defendant did one or more of the following:

(a) Employed any device, scheme, or artifice to defraud, or

(b) Made any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) Engaged in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

To establish this element, it is not necessary for the government to establish all three types of unlawful conduct in connection with the purchase or sale of securities; any one will suffice, if you so find. But you must be unanimous as to at least one type of unlawful conduct.

a. Device, Scheme or Artifice to Defraud

For the purposes of securities fraud, a device, scheme or artifice to defraud is a

plan to accomplish a fraud. "Fraud" is a general term that embraces all efforts and means that individuals devise to take advantage of others. The law that the defendants are alleged to have violated prohibits all kinds of manipulative and deceptive acts. The fraudulent or deceitful conduct alleged need not relate to the investment value of the securities involved in this case.

b. False Statements and Omissions

A statement, representation, claim or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was made with the intention to deceive. False or fraudulent statements under the statute may include the concealment or omission of material facts in a manner that makes what is said or represented deliberately misleading. False or fraudulent statements may include not only statements about past events, but also predictions about the future if the speaker did not believe the prediction or if the speaker omits information whose omission makes the prediction misleading to a reasonable investor. While the securities laws do not create an affirmative duty to disclose any and all information, the omission or concealment of information may be actionable if what is omitted makes the defendant's statements deliberately misleading. Put another way, under the securities laws, for an omission to be actionable under the securities laws depends on the making of statement.

The deception need not be based upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used, may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished does not matter.

c. "In Connection With"

The "in connection with" aspect of this element requires some nexus or relation between allegedly fraudulent conduct and the purchase or sale of securities. Fraudulent conduct

may be "in connection with" the purchase or sale of securities if the alleged fraudulent conduct "touched upon" a securities transaction. I instruct you that, as a matter of law, shares of a private company constitute securities for purposes of this statute.

It is no defense to a substantive scheme to defraud that a defendant may not have been involved in the scheme from its inception or may have played only a minor role with no contact with the investors and purchasers of the securities in question. Nor is it necessary to find that the defendant was the actual seller or offeror of the securities. It is sufficient if the defendant participated in the scheme or fraudulent conduct that involved the purchase or sale of securities. By the same token, the defendant need not have personally made the misrepresentation or omitted the material fact; it is sufficient if the defendant caused the statement to be made or the fact to be omitted.

d. Material Fact

The fact misstated or omitted must also have been "material" under the circumstances. A fact is material if there is a substantial likelihood that a reasonable investor would consider it important in making an investment decision. A material fact need not be outcome determinative, nor need it be the most important fact to an investor. Rather, a fact is material if there is a substantial likelihood that it would be viewed by a reasonable investor as having significantly altered the total mix of information available. To "significantly alter the total mix of information" means to meaningfully affect a reasonable investor's investment decision.

If a defendant made a material misrepresentation or omitted a material fact when there was a duty to disclose, it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the securities laws protect the gullible and unsophisticated as well as the experienced investor. The government need not prove that the misrepresentation would have deceived a person of ordinary intelligence.

Nor does it matter whether the alleged unlawful conduct was or would have been successful, or whether the defendant profited or received any benefit as a result of the alleged scheme. Success is not an element of the offense.

2. Second Element: Knowingly, Willfully and With Intent to Defraud

The second element of substantive securities fraud, the object of the conspiracy charged in Count One, is that a defendant acted "knowingly," "willfully," and with the "intent to defraud."

I have already defined "knowingly" and "willfully" for you, and I refer you to those earlier definitions.

For the purposes of securities fraud and conspiracy to commit securities fraud, "intent to defraud" means to act knowingly and with intent to deceive. The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact in question.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of securities fraud. Under the anti-fraud statutes, an honest belief in the truth of the representations made by a defendant is a complete defense however inaccurate the statements may turn out to be. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

In considering whether or not a defendant acted in good faith, you are instructed that a belief by the defendant, if such belief existed, that ultimately everything would work out so that no investors would lose any money does not require a finding by you that the defendant acted in good faith. No intent to cause a loss is required for a defendant to commit securities fraud, and no amount of honest belief on the part of a defendant that the scheme ultimately will

make a profit for the investors will excuse fraudulent actions or false representations by him.

The government may prove that the defendant acted knowingly in either of two ways. First, it is sufficient, of course, if the evidence satisfies you beyond a reasonable doubt that the defendant actually believed the statements he made, caused to be made, or conspired to be made, were false or misleading. Alternatively, the defendant's knowledge may be established by proof that the defendant was aware of a high probability that the statement was false and acted with deliberate disregard for the truth — unless, despite this high probability, the facts show that the defendant actually believed the statement to be true.

Knowledge may be found from circumstances that would convince an average, ordinary person. Thus, you may find that the defendant believed that the statement was false if you conclude beyond a reasonable doubt that he made it with deliberate disregard of whether it was true or false and with a conscious purpose to avoid learning the truth. If you find that the defendant acted with deliberate disregard for the truth, the knowledge requirement would be satisfied unless the defendant actually believed the statement to be true. This guilty knowledge, however, cannot be established by demonstrating merely negligence or foolishness on the part of the defendant.

As a practical matter, then, to prove the charge against a defendant, the government must establish beyond a reasonable doubt that the defendant knew that his conduct as a participant in the scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme.

3. <u>Third Element: Interstate Commerce</u>

The third and final element of substantive securities fraud is that a defendant knowingly used, or caused to be used, the mails or any means or instrumentalities of transportation or communication in interstate commerce in furtherance of the scheme to defraud.

You are instructed that interstate or international travel, the use of the internet, bank wire transfers, telephone, text messages, or emails that traveled across state lines are all "instrumentalities of interstate commerce."

It is not necessary that a defendant be directly or personally involved in any mailing, wire, or use of an instrumentality of interstate commerce. If the defendant was an active participant in the scheme and took steps or engaged in conduct which he knew or reasonably could foresee would naturally and probably result in the use of interstate means of communication, then you may find that he caused the mails or an instrumentality of interstate commerce to be used.

When one does an act with the knowledge that the use of interstate means of communication will follow in the ordinary course of business, or where such use reasonably can be foreseen, even though not actually intended, then he causes such means to be used.

It is not necessary that the items sent through interstate means of communication contain the fraudulent material, or anything criminal or objectionable. The interstate means of communication may be entirely innocent.

The use of interstate communications need not be central to the execution of the scheme, and may even be incidental to it. All that is required is that the use of the interstate communications bear some relation to the object of the scheme or fraudulent conduct. In fact, the actual offer or sale need not be accomplished by the use of interstate communications, so long as the defendant is still engaged in actions that are a part of the fraudulent scheme when interstate communications are used.

**35. <u>Count Two: Conspiracy to Commit Wire Fraud</u>**

Count Two of the indictment charges the defendants Carlos Watson and Ozy

Media, Inc. with conspiracy to commit wire fraud as follows:

> In or about and between January 2018 and October 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CARLOS WATSON and OZY MEDIA, INC., together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud one or more investors, and potential investors in and lenders and potential lenders to, OZY MEDIA, INC., and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, all affecting financial institutions and others, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

I have already explained what it means to conspire to commit an offense. Those instructions apply here as well. As a reminder, the government need not prove that the defendants actually committed the unlawful acts charged as the object of the conspiracy in Count Two—that is, wire fraud, which I will explain shortly. Rather, the government must prove only the following two elements beyond a reasonable doubt:

First, that two or more persons entered into an agreement — for this count, to commit wire fraud; and

Second, that the defendant you are considering knowingly and intentionally became a member of the conspiracy.

The overt act element on which I instructed you with respect to Count One, which charges conspiracy to commit securities fraud, does not apply to Count Two, which charges conspiracy to commit wire fraud.

**Additional Finding Regarding Count Two**

If you find a defendant guilty of Count Two by proving the two elements of conspiracy I just described, then you will be further asked to determine whether the scheme

affected a financial institution. There will be separate spaces on the verdict sheet for you to indicate your finding as to whether the scheme affected a financial institution.

In order for you to make this finding, the government must prove beyond a reasonable doubt that a financial institution, meaning a bank whose deposits are insured by the Federal Deposit Insurance Corporation, was affected by the scheme to defraud. To be affected by a scheme to defraud means that, if the conspiracy had been successful, the bank either would have suffered an actual loss or would have been exposed to a new or increased risk of loss as a result of the scheme to defraud.

## 36. Count Two: Object of the Conspiracy - Wire Fraud

I will now explain the law of wire fraud, which is alleged to be the object of the conspiracy charged in Count Two of the indictment. As previously noted, the defendants are not charged with actually committing these unlawful acts, but rather with conspiring to commit them. I therefore describe for you the elements of these unlawful acts only so you can understand what the government must prove was an objective of the conspiracy.

To determine whether the government has proved beyond a reasonable doubt that the defendants engaged in the illegal conspiracy charged in Count Two, you need to know about wire fraud, the crime alleged to be the object or purpose of the conspiracy – the thing that Count Two charges the defendants with agreeing to commit. The government need not prove that the defendants actually committed wire fraud, but, in order for you to find the defendants guilty of Count Two, it must prove that the defendants conspired with at least one other person with the intent to commit each of the following three elements of wire fraud.

First, there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises.

Second, that a defendant knowingly and willfully participated in the scheme or artifice to defraud with knowledge of its fraudulent nature and with specific intent to defraud.

Third, that in execution or in furtherance of that scheme the defendants conspired to use or caused to be used interstate or foreign wires.

I will now explain each of these elements further.

A. First Element: Existence of a Scheme to Defraud

The first element the government must prove beyond a reasonable doubt is the existence of a scheme or artifice to defraud or to obtain money or property by means of false or fraudulent pretenses, representations or promises.

A scheme or artifice is simply a plan for the accomplishment of an objective. A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence. Fraud is a general term which embraces all the various means that an individual can devise and that are used by an individual to gain an advantage over another by false representation, suggestions or deliberate disregard for the truth. Putting this all together, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception, swindle, or false pretenses.

The scheme to defraud in this case is alleged to have been carried out by making false or fraudulent statements or representations. A representation or statement is fraudulent if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. Half-truths, the concealment or omission of material facts or the expression of an opinion not honestly entertained — that is, not honestly believed by the person expressing the opinion — may also constitute false or fraudulent statements under the statute. The failure to disclose information may constitute a fraud if the speaker was under a legal, professional or contractual

duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant conspired to fail to make such disclosure with the specific intent to defraud. The fraudulent representation must relate to a material fact or matter. I previously told you what a material fact is with regard to Count One, and that same standard applies here.

The deception does not have to be premised upon spoken or written words alone. A false or fraudulent representation need not take any specific form. It may be by words or conduct. The arrangement of the words or the circumstances into which they are used may convey a false and deceptive appearance. If there is intentional deception, the manner in which it is accomplished does not really matter.

As with securities fraud, it does not matter whether the alleged unlawful conduct was successful or not, whether any victims were deceived by the defendant, or whether the defendant profited or received any benefits as a result of the alleged scheme. Success is not an element of wire fraud; the focus is the existence of a scheme or artifice, whether it worked or not.

Finally, the scheme to defraud must target money or property. It is not necessary that a defendant or his alleged co-conspirators actually realized any gain from a scheme, or that the intended victim actually suffered any loss. Instead, you must find that the scheme contemplated depriving another of money or property.

Only a scheme to defraud and not actual fraud must be proved as an object of the charged conspiracy. It is not necessary for the government to prove each and every misrepresentation or false promise that the government alleges in the indictment. It is sufficient that the government proves beyond a reasonable doubt that one or more material misrepresentation was agreed upon in furtherance of the scheme to defraud.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

B. <u>Second Element: Intent to Defraud</u>

The second element that the government must prove beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, intentionally, and with the specific intent to defraud. I have already told you what it means to act knowingly and intentionally. Those same definitions apply here.

To act with a "specific intent to defraud" goes further. For the purposes of the wire fraud statute, an "intent to defraud" means to act knowingly and with specific intent to deceive for the purpose of depriving another person of money or property. How someone acted – his state of mind – is a question for you to determine. Direct proof of knowledge and fraudulent intent is not always available and it is not required. The ultimate facts of knowledge and criminal intent may be established by circumstantial evidence, which I explained to you earlier. Circumstantial evidence, if believed, is of no less value that direct evidence.

As with securities fraud, even if you conclude that the defendant believed that ultimately everything would work out, so that no one would lose any money, that does not require a finding by you that the defendant acted in good faith. No amount of honest belief on the part of a defendant that the scheme ultimately will make a profit for the investors will excuse fraudulent actions or false representations by him.

In sum, in order to sustain a charge of wire fraud, the government must establish beyond a reasonable doubt that the defendant knew that his conduct as a participant in the scheme was calculated to deceive and nevertheless, he associated himself with the alleged fraudulent scheme for the purpose of depriving somebody of their money or property.

To conclude with this element, if you find that the defendants were not knowing

participants in the scheme, or if they lacked the specific intent to defraud, then you must find them not guilty of conspiracy to commit wire fraud. On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely the existence of a scheme to defraud, but also this second element, that the defendants were knowing participants and acted with intent to defraud, you should consider the third element of wire fraud.

C. Third Element: Use of Interstate Wires

The third and final element is the use of an interstate wire communication in furtherance of the scheme to defraud. The wire communication must pass between two or more states, or it must pass between the United States and a foreign country.

A wire communication includes a wire transfer of funds between banks in different states, and telephone calls, text messages, emails, and facsimiles between two different states. The use of the wires need not itself be a fraudulent misrepresentation. It must, however, further or assist in the carrying out of the scheme to defraud. It is not necessary for a defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the substantive crime if the evidence justifies a finding that the defendant caused the wires to be used by others. This does not mean that the defendant must specifically have authorized others to make or cause the transfer of funds or other wire communication, such as a telephone call or email. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business, or where such use of the wires reasonably can be foreseen, even though not actually intended, then the defendant causes the wires to be used.

In sum, to find a defendant guilty of Count Two, you must find beyond a reasonable doubt that he agreed that each of the elements of wire fraud that I discussed would be committed. But, as to the third element of wire fraud, as long as the government proves beyond a reasonable doubt that the conspirators agreed or reasonably foresaw that interstate wire communications would be used as part of the conspiracy, that is sufficient for this Count, and the government does not need to prove any specific wire communications.

## 37. Count Three: Aggravated Identity Theft

Count Three of the indictment charges defendant Carlos Watson with aggravated identity theft. The text of the indictment reads as follows:

> In or about and between February 2020 and February 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CARLOS WATSON, together with others, during and in relation to the crime charged in Count Two, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more persons, knowing that the means of identification belonged to other persons.

In order to find the defendant guilty of aggravated identity theft, the government must prove the following elements beyond a reasonable doubt:

First, that the defendant knowingly used, transferred or possessed a means of identification belonging to another real person;

Second, that the defendant used the means of identification during and in relation to the offense charged in Count Two of the indictment; and

Third, that the defendant acted without lawful authority.

I will now explain each of the elements of this offense in more detail.

A. First Element: Use of Means of Identification

The first element that the government must prove beyond a reasonable doubt is that the defendant knowingly used, transferred or possessed a means of identification of another

real person. The terms "use," "transfer," and "possess" have their common sense meanings. The government need only prove one of these (knowingly used, transferred, or possessed).

The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, Social Security number, or date of birth, or a unique electronic identification number, address, or routing code.

In addition, the government must prove both that the means of identification was that of an actual person (living or dead), and that the defendant knew that the means of identification was that of an actual person. To be clear, the government must prove both of these things. As described earlier, to act knowingly means to act voluntarily and intentionally and not by mistake or accident.

B. Second Element: Commission of Predicate Offense

The second element that the government must prove beyond a reasonable doubt is that the defendant used, transferred or possessed the means of identification during and in relation to the offense charged in Count Two of the indictment—namely, conspiracy to commit wire fraud. A means of identification is used "during and in relation to" a crime when the use of that means of identification is at the crux of what makes the conduct criminal— that is, that the means was used in a manner that is fraudulent or deceptive.

A person uses, transfers, or possesses a means of identification in relation to a crime if the means of identification had a purpose, role, or effect with respect to the crime. If you find defendant Watson not guilty on Count Two, it means that the government has not proved this second element of Count Three, and you must find also find him not guilty on Count Three. In other words, if you find that the government did not prove beyond a reasonable doubt that the defendant committed conspiracy to commit wire fraud as charged in Count Two,

you must also find him not guilty on Count Three.

C. Third Element: Without Lawful Authority

The third element that the government must prove beyond a reasonable doubt is that the defendant acted without lawful authority. The term "without lawful authority" prohibits the use, transfer or possession of another person's means of identification absent the authorization or permission to act on that person's behalf.

**38. Count Three: Aiding and Abetting Liability**

The indictment also charges defendant Carlos Watson with aiding and abetting the aggravated identity theft crime charged in Count Three of the indictment. This means that the government can meet its burden of proof either by proving that the defendant himself did the acts charged, or by proving that he aided and abetted another person in doing so.

A. Aiding and Abetting

In relevant part, the aiding and abetting statute, section 2(a) of Title 18 of the United States Code provides that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Under this provision, it is not necessary for the government to show that the defendant himself physically committed the crime with which he is charged in order for the government to sustain its burden of proof. A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself. Accordingly, you may find the defendant Carlos Watson guilty of the offense charged in Count Three if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the crime.

In order for the defendant to be found guilty of aiding and abetting a crime, the government must prove each of the following two elements beyond a reasonable doubt:

First, that another person actually committed the crime with which the defendant is charged; and

Second, that the defendant aided and abetted that person in the commission of the offense.

With regard to the first element, the government must prove, beyond a reasonable doubt, that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by another person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

In order to aid or abet someone to commit a crime, it is necessary that the defendant willfully and knowingly associate himself in some way with the crime and that he participate in it by doing some act with the desire to help the crime succeed. That is, a defendant must have the specific intent of furthering the criminal offense through some action on his part. An aider and abettor must have some interest in the criminal venture. That interest need not be a financial one, but you may consider the presence or absence of a financial interest in making your determination.

To establish that the defendant knowingly associated himself with the crime, the government must establish beyond a reasonable doubt that the defendant knew and intended that aggravated identity theft would take place.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge that a crime is being committed, or merely associating with others who

were committing a crime, is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

To determine whether Watson aided and abetted the commission of the crimes charged in Count Three, ask yourselves these questions:

- Did the defendant participate in the crime charged as something he wished to bring about?
- Did the defendant associate himself with the criminal venture knowingly and willfully?
- Did the defendant seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor and, therefore, responsible for aggravated identity theft and guilty of the offense charged just as if he had committed the act or offense himself. If, on the other hand, your answer to these questions is "no," then the defendant is not an aider and abettor and you must conclude that he is not guilty as such.

B. Willfully Causing a Crime

Another way a defendant can be guilty of a crime is by willfully *causing* a crime. Section 2(b) of Title 18 of the United States Code provides that:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States [shall be guilty of a crime].

What does the term "willfully caused" mean? It means that the defendant need not have physically committed the crime or supervised or participated in the actual criminal conduct charged in the indictment.

The meaning of the term "willfully caused" can be found in the answers to the following questions:

- Did the defendant take some action without which the crime would not have occurred?
- Did the defendant intend that the crime would be actually committed by others?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes," then the defendant is guilty of the crime charged just as if the defendant himself has actually committed it.

## 39. Guilt of Substantive Offense Due to Membership in a Conspiracy

There is another way in which you should evaluate the guilt of the defendant for Count Three of the Indictment even if you do not find that the government has satisfied its burden of proof with respect to each element of this count.

If, in light of my instructions, you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in Count Two, then you may also, but you are not required to, find him guilty of the crime charged in Count Three, provided that you find, beyond a reasonable doubt, each of the following elements as to the count you are considering:

First, the substantive crime charged in Count Three was committed by someone;

Second, the person or persons you find actually committed the substantive crime were members of the conspiracy you found to have existed in Count Two;

Third, the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

Fourth, the defendant was a member of that conspiracy at the time the substantive crime was committed; and

Fifth, the defendant could have reasonably foreseen that the substantive crime might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of Count Three, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the substantive crimes.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of Count Three under this theory. But you may still find the defendant guilty of Count Three if the government proves, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted the commission of, that crime, as I previously discussed.

## 40. Conscious Avoidance

As I have instructed you, the government is required with respect to certain elements to prove that the defendant acted knowingly, as I have already defined that term. In addition to a person actually being aware of a fact, the law also allows you to find that the defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness."

In determining whether the government has proven beyond a reasonable doubt that the defendant acted knowingly with respect to the counts charged in the indictment, you may

consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious. One may not willfully and intentionally remain ignorant of a fact important to one's conduct in order to escape the consequences of criminal law.

Thus, if you find beyond a reasonable doubt that the defendant acted with a conscious purpose to avoid learning some relevant fact, then you may treat the defendant as though he knew that the fact existed. However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish, or mistaken. It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

Let me explain what the concept of willful blindness or conscious avoidance means with respect to Count Three, and then I will explain what it means with respect to the conspiracy charges, Counts One and Two.

With respect to the substantive count, in determining whether the defendant acted knowingly, you may consider whether he deliberately closed his eyes to what otherwise would have been obvious. Thus, for Count Three, if you find beyond a reasonable doubt that the defendant knew there was a high probability that a criminal offense was being committed, but deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that he was acting in a lawful manner.

However, with respect to the conspiracy counts—Counts One and Two—there is a difference between knowingly participating in the conspiracy and knowing the object of the conspiracy. "Conscious avoidance" or "willful blindness," as I have described it, cannot be used as a basis for finding that the defendant knowingly joined the conspiracy. It is logically

impossible for a defendant to join the conspiracy unless he or she knows the fact that the conspiracy exists. However, if you find beyond a reasonable doubt that the defendant chose to participate in a joint undertaking, you may consider whether the defendant deliberately avoided confirming otherwise obvious facts about the purpose of the agreement, which was to break the law as alleged.

That is, if you find beyond a reasonable doubt that the defendant knew that there was a high probability that his co-conspirators intended to break the law, but that he deliberately avoided confirming this fact, you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge of the object of the charged conspiracy, unless you find that the defendant actually believed that he and his co-conspirators were acting in a lawful manner**.**

## 41. Proof of Motive is Not Necessary

Intent and motive are different concepts. Intent is about whether a person acted with the purpose of bringing about a given outcome — or, alternatively, whether that outcome was the product of a mistake. Motive is about why they might have acted to bring about a given outcome. Proof of motive is not an element of any of the crimes with which the defendants are charged. Proof of motive does not establish guilt, nor does the lack of proof of motive establish that a defendant is not guilty. If all the elements of a crime are proven beyond a reasonable doubt, it is immaterial what a defendant's motive for the crime may be, whether there are multiple or mixed motives, or whether a defendant's motive was shown at all. The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of a defendant.

## 42. Corporate Defendant

One of the defendants, Ozy Media, Inc., is a corporation. A corporation is a legal

entity and is considered a person under law. The fact that one of the defendants in this case is a corporation does not mean it is entitled to any different consideration from you. A corporate defendant is entitled to the same fair consideration as you would give any individual defendant or any other party.

A corporation may be found guilty of a criminal offense. Of course, a corporation can only act through its agents; that is, its directors, officers, and employees, or other persons authorized to act for it, such as its owners or principals. A corporation is legally responsible for those acts or omissions of its agents made or performed in the course of their employment.

In this case, the government has alleged that Ozy Media acted through its Chief Executive Officer and founder, Carlos Watson; its Chief Operating Officer, Samir Rao; and its Chief of Staff, Suzee Han, among other agents. Before you may find Ozy Media guilty, you must find that the government has proven beyond a reasonable doubt that all of the elements of the offenses as I have explained them to you have been met with respect to the corporation in the form of acts or omissions of its agents that were performed within the scope of their employment. As I said before, the fact that Samir Rao and Suzee Han chose to plead guilty is not evidence — you must determine guilt for yourselves based on the evidence in this case.

That an agent was acting within the scope of one's employment may be shown in several ways. First, if the act or omission was specifically authorized by the corporation, it would be within the scope of the agent's employment.

Second, even if the act or omission was not specifically authorized, it may still be within the scope of an agent's employment if the agent intended that his/her act would produce some benefit to the corporation and that the agent was acting within his/her authority. An act is within an agent's authority if it was directly related to the performance of the kind of duties that

the agent had the general authority to perform. It is not necessary that the government prove that the corporation actually benefited, only that the agent intended the corporation would benefit.

If you find that the agent was acting within the scope of his or her employment, the fact that the agent's act was illegal, contrary to his or her employer's instructions, or against the corporation's policies will not relieve the corporation of responsibility for the act. However, you may consider the fact that the agent disobeyed instructions or violated company policy in determining whether the agent intended to benefit the corporation, or was acting within his or her authority. In determining whether an agent was acting for the benefit of the corporation, you are instructed that the government need not prove that the agent was only concerned with benefitting the corporation; it is sufficient if one of the agent's purposes was to benefit the corporation.

Finally, if you find that the agent was not acting within the scope of his or her authority at the time, you should then consider whether the corporation later approved the act. An act is approved after it is performed when another agent of the corporation having full knowledge of the act, and acting within the scope of his or her employment as I just explained it to you, approves the act by his or her words or conduct. A corporation is responsible for any act or omission approved by its agents in this manner.

## 43. <u>Venue</u>

In addition to the foregoing elements of each offense, you must consider whether any act in furtherance of the crimes charged occurred within the Eastern District of New York. You must make this determination for each Count.

The Eastern District of New York includes Brooklyn, Queens, Staten Island, and Nassau and Suffolk Counties. In addition, the EDNY includes the waters surrounding these counties and Manhattan, as well as the air space above the district. Travel over or through the

district or waters, or the passage of a wire over or through the district or waters, is sufficient to establish venue.

Venue need only be proven by a preponderance of the evidence – meaning, simply, that it is more likely than not.

To satisfy the venue requirement, the government need not prove that the defendant himself was present here. For Counts One and Two, to establish that venue for a charged crime is appropriate in this district, the government must prove that some act in furtherance of the conspiracy occurred here, in the Eastern District of New York. This means that with respect to each conspiracy charged, even if other acts were committed outside this district or if the crime was completed elsewhere, venue is established in the Eastern District of New York so long as some act in furtherance of the conspiracy took place in this district. In a conspiracy, such as those charged in Counts One and Two, actions of coconspirators, as well as actions caused by co-conspirators, may be sufficient to confer venue if it was reasonably foreseeable to the defendant that the acts would occur in the Eastern District of New York.

In determining whether some act in furtherance of the crime you are considering occurred in the Eastern District of New York, you may consider a number of things. Venue can be conferred based on physical presence or conduct, and passing through a district, including through or over waters, is sufficient to confer venue. Venue can be based on using airports within the district to attend meetings, if the meetings were in furtherance of the conspiracy. Venue can also be based on electronic communications — including email communications, telephone calls, and electronic transfers of funds such as banking transfers — going to, coming from, or passing through a district. The government need not prove all of these bases of venue; any one is sufficient.

If you find that the government has failed to prove that any act in furtherance of the conspiracy charged in Count One or Two occurred within this district, then you must find the defendant not guilty on the charge that you are considering.

Please keep in mind, everything I just said applies only to Counts One and Two. As to Count Three, venue exists if and only if you find that venue exists for Count Two.

As I have instructed you, for all other elements in this case you have to find the government has proven that element beyond a reasonable doubt, not by a preponderance of the evidence. Preponderance of the evidence only applies to venue.

## III. GENERAL INSTRUCTIONS FOR YOUR DELIBERATIONS

### 44. Selection of a Foreperson

You are about to go into the jury room and begin your deliberations. When you get into the jury room, before you begin your deliberations, you should select someone to be the foreperson, typically juror #1. The foreperson will be responsible for signing all communications to the court and for handing them to the marshal during your deliberations.

### 45. Electronic Communications

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media such as a telephone, cell phone, smartphone, computer, internet, text, instant message service, any internet chat room, blog, websites such as Facebook, Instagram, Snapchat, TikTok, LinkedIn, YouTube or X to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. You should not consult dictionaries or reference materials or use any other electronic tool to obtain information about the

case or to help you decide the case. Do not try to find information from any source outside the confines of this court.

**46. Communications with the Court; Right to See Exhibits and Excerpts of Testimony During Deliberations; Indictment**

If during your deliberations you want to see any of the exhibits, they will be sent to you in the jury room upon request. If you want to read excerpts of the testimony, that can also be sent to you upon request. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony that you may want.

Your requests for exhibits or testimony—in fact any communication with the court—should be made to me in writing, signed by your foreperson, and given to one of the marshals. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. In any event, do not tell me or anyone else how the jury stands on the issue of the defendants' guilt until after a unanimous verdict is reached.

I am sending a copy of the indictment into the jury room for you to have during your deliberations. You may use it to read the crimes that the defendant is charged with committing. You are reminded, however, that an indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

I will also provide you with a copy of these instructions.

**47. Jury Communications During Deliberations**

During your deliberations, you should not discuss, or provide any information about, the case with anyone other than your fellow jurors. This includes discussing the case in person, in writing, by phone or by any electronic means, via text messaging, e-mail, Facebook,

LinkedIn, X, blogging, or any Internet chat room, web site, or other method. In other words, do not talk to anyone on the phone or in person, correspond with anyone, or communicate by electronic means about this case with anyone except with your fellow jurors, and then only while you are in the jury room.

If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arose during the trial from any outside source, including dictionaries, reference books, or anything on the Internet. Information on the Internet or in a book might well be incorrect or incomplete. In our system, it is important that you not be influenced by anyone or anything outside this courtroom. Your sworn duty is to decide this case solely and completely on the evidence that was presented to you in this courtroom.

## 48. Deliberations

You will now retire to decide the case. Your function is to weigh the evidence and to determine the guilt or lack of guilt of the defendants with respect to the charges in the indictment. You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

I instruct you that you are not to discuss the case unless all jurors are present. Four or five or ten jurors together are only a gathering of individuals. Only when all jurors are present do you constitute a jury, and only then may you deliberate.

Remember at all times, you are not partisans. You are judges — judges of the facts. Your sole interest is to assess the evidence impartially to determine whether the government has met its burden of proving guilt beyond a reasonable doubt as to each of the charges.

You are entitled to your own opinions, but you should exchange views with your fellow jurors and listen carefully to each other. That is the nature of the deliberative process. Do not hesitate to change your opinion if you are convinced that another opinion is correct. But each of you must make your own decision.

**49. <u>Verdict Must be Unanimous</u>**

The government, to prevail, must prove the essential elements of each count — which I have defined for you just a moment ago — by the required burden of proof, as I have already explained. If it succeeds on a given count, your verdict should be guilty; if it fails, it should be not guilty. To report a verdict, it must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not each defendant is guilty on each count, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence — if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion that, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

If you are divided on any count, do not report how the vote stands. Simply state that you are divided. If you have reached a verdict, do not report what it is until you are asked in open court. Simply inform me that you have reached a verdict.